359 So.2d 905 (1978)
Arthur Lee McKEEVER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-1808, 77-1809 and 77-1810.
District Court of Appeal of Florida, Second District.
June 14, 1978.
*906 Jack O. Johnson, Public Defender, Bartow, and Stephannie DaCosta, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Arthur McKeever appeals the revocation of his probation, which was predicated upon three charged violations. Because one of the charged violations was not established and the other two were technical violations, we reverse.
Appellant was placed on probation for three separate offenses, grand larceny and two counts of breaking and entering with intent to commit petit larceny. During the probationary period, affidavits and warrants were filed charging him with having violated his probation by (1) failing to file three of his required monthly reports, in violation of condition 2; (2) shoplifting, in violation of condition 4; and (3) failing to make four of the required monthly payments for the cost of his supervision, in violation of condition 10.
At appellant's probation revocation hearing, appellant admitted allegations (1) and (3) (the reporting and monetary violations  conditions 2 and 10), but denied allegation (2) (the shoplifting violation of condition 4). No evidence was offered to establish that appellant violated condition 4.
At the conclusion of the revocation hearing the trial court sentenced appellant to five years imprisonment on each of the underlying offenses, two of the sentences to run concurrently and the third to run consecutive to the first two. The trial court did so without expressly stating which conditions it found him to have violated.
The probation revocation orders which were subsequently entered by the trial court recite that appellant violated conditions 2, 4, and 10 of his probation.
Inasmuch as the allegation charging appellant with a shoplifting violation of condition 4 was neither admitted nor proved, the trial court could not properly find that appellant violated that condition or base the revocation of appellant's probation upon such a finding. See Bernhardt v. State, 288 So.2d 490 (Fla. 1974). While it is undisputed that appellant violated the terms of his probation by failing to file monthly reports and failing to make monthly payments, we are uncertain whether the trial court would have revoked probation and imposed the sentence it did solely on those grounds. Accordingly, the order of revocation is reversed and the cause is remanded for further proceedings. See Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
GRIMES, Acting C.J., and DANAHY, J., concur.