363 So.2d 621 (1978)
Gerald Wayne PAGE, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-281.
District Court of Appeal of Florida, First District.
October 31, 1978.
*622 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
Gerald Wayne Page's probation was revoked for failure to file timely monthly reports, failure to support dependents, and failure to make daily telephone contact with the parole supervisor pursuant to a requirement set by the supervisor.
Under the facts of this case, the requirement that Page file timely monthly reports was a court-imposed condition and Page admitted the untimely filings. Thus, this was a proper ground on which probation could be revoked.
As to the second reason, however, the failure to support dependents, we find that the record contains no showing that Page had the ability to support his dependents. Under the reasoning of Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), we hold that revocation cannot be based on failure to support dependents unless there is evidence that the probationer had the ability to provide such support.
Finally, the requirement that Page make daily telephone contact with the probation supervisor was imposed by the supervisor and not by the court. We hold that probation may be revoked only for court-imposed conditions. Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977).
In summary, we find that the revocation of probation could properly be based on the failure to file timely monthly reports, but could not properly be based on the other two grounds. We do not know if the trial court would revoke probation and impose the same sentence for the sole reason that Page failed to file timely monthly reports. We, therefore, reverse and remand for proceedings consistent with this opinion.
SMITH, Acting C.J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.