365 So.2d 1067 (1979)
John Leonard COXON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 78-1104.
District Court of Appeal of Florida, Second District.
January 3, 1979.
Jack O. Johnson, Public Defender, Bartow, and William Murphy, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant was charged by affidavit with violation of four of the ten conditions of his probation. Those four conditions forbid him to leave the county without permission, require him to file monthly reports, require him to pay a fine, and require him to pay the monthly fee for supervision mandated by Section 945.30, Florida Statutes (1977). The trial court adjudicated appellant to be insolvent when the probationary sentence was imposed. Because of his indigency, appellant was represented by the public defender at the sentencing hearing, the later probation revocation hearing, and in this court. At the probation revocation hearing, no evidence of appellant's ability to pay the fine and the fee for supervision was presented. Except for the prior order *1068 which declared appellant insolvent, the trial judge had no evidence before him upon which to review the financial resources of the appellant and the nature of the burden that payment of the fine and fee would impose on him. Following testimony, the court found appellant had violated the four conditions, revoked his probation, adjudicated him guilty of the burglary offense for which he was given probation, and sentenced him to three years in prison.
Appellant asserts that the trial court erred because, since he had been adjudicated insolvent, his probation could not be revoked for violation of conditions requiring payment of the fine and supervision fee without a subsequent finding of his ability to make these payments. We agree, and reverse the finding of a violation of those two conditions; but we affirm the order of revocation, and the judgment, and the sentence for reasons we will discuss.
The United States Supreme Court has held that the equal protection clause of the federal constitution prohibits the conversion of a sentence of a fine into a jail term solely because the defendant is indigent and unable to pay the fine. Tate v. Short, 401 U.S. 395, 398, 91 S.Ct. 668, 671, 28 L.Ed.2d 130, 133 (1971). Other federal courts note that revocation of probation solely because of impecunity would be of doubtful constitutionality since the result would be to punish for poverty. United States v. Wilson, 469 F.2d 368 (2d Cir.1972). The Supreme Court has also impliedly required a finding of solvency for initially insolvent defendants who are required, as a condition of probation, to later repay the cost of their legal defense. Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
In Florida the specific issue raised by appellant was considered in Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). The court there held that before revoking probation for nonpayment of the supervisory fee, the trial court must find the indigent defendant's financial condition to be such that payment can be made. And a showing of solvency must precede revocation for nonpayment of other amounts required to be paid as a condition of probation. Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978). Similarly, it has been held there must be a showing of ability to pay before there can be revocation for violation of a condition requiring repayment of the public defender's fee. Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975). We agree with these cases, and hold that probation cannot be revoked solely for violation of conditions requiring payment without evidence that the probationer is able to make the payment.
In the case before us, no evidence was presented which would demonstrate that this insolvent petitioner had subsequently gained the ability to pay the fine and the fee for his supervision.
It was, therefore, improper to revoke his probation on those grounds. However, we will not remand for reconsideration of the revocation order by the trial judge. We have done that when a substantial ground for revocation was reversed leaving only proof of the violation of a technical ground to support the revocation. McKeever v. State, 359 So.2d 905 (Fla. 2d DCA 1978); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). But here the appellant's revocation is supported by ample evidence, including his own admission, that he left the county for over six months and also failed to file his monthly reports. Appellant's wilful failure to comply with those two conditions constitutes a substantial violation of probation and is sufficient to support the revocation order and judgment and sentence. Cf. Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969).
Therefore, we strike from the order of revocation the finding of a violation of the two conditions requiring the payment of a fine and the fee for supervision. The order, the judgment, and the sentence are affirmed in all other respects.
SCHEB, Acting C.J., and RYDER, J., concur.