366 So.2d 840 (1979)
Thomas James SCHERER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1625.
District Court of Appeal of Florida, Second District.
January 26, 1979.
Jack O. Johnson, Public Defender, and Thomas A. McDonald, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was charged with violating three conditions of his probation: (1) he failed to file one of the required monthly reports; (2) he was convicted of a crime committed after he was placed on probation; and (3) he had failed to pay any money toward the costs of his supervision. Appellant admitted the first two charged violations, but denied the third, explaining that he had not paid any money because he had no job. Appellant was indigent at the time of the revocation hearing. No other evidence concerning appellant's financial condition was before the trial court. This evidence is insufficient to support a finding that appellant violated his probation by failing to pay his supervision fee. Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979). Nevertheless, appellant's revocation is supported by his admissions of the other two charged violations, which are substantial violations and are sufficient to support the revocation order and judgment and sentence, so we will not remand for reconsideration of the revocation order by the trial judge. Coxon v. State, supra.
In addition, the judgment and sentence of the court, while indicating that appellant was to receive credit for all time served in jail, does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1977). Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975).
Accordingly, the finding of a violation of the condition requiring payment of a monthly fee for supervision is stricken from the probation order, and the cause is remanded for correction of the sentence. Appellant need not be present for this purpose. The revocation order, judgment, and sentence are affirmed in all other respects.
GRIMES, C.J., and BOARDMAN and DANAHY, JJ., concur.