375 So.2d 325 (1979)
Sterling SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-1798 to 78-1800.
District Court of Appeal of Florida, Second District.
June 29, 1979.
Jack O. Johnson, Public Defender, Bartow, and William Murphy, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Sterling Sampson appeals the revocation of his probation. The order of revocation recited findings of violations of conditions (2), requiring appellant to submit monthly reports; (4), requiring appellant to live at liberty without violating any law; (7), requiring appellant to comply with instructions of his probation supervisor; and (11), requiring that appellant not visit bars. The findings that appellant violated conditions (4), (7), and (11) must be stricken from the order.
The trial court did not pronounce a finding of violation of condition (4), but added that finding in its written order. The written order must conform to the court's oral pronouncement. Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977).
Violation of condition (7) was alleged because appellant did not comply with the supervisor's instruction to pay $10 per *326 month toward the public defender's fee. There was no proof before the court to indicate whether appellant was able to pay the fee. Thus revocation on that ground was improper. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979).
The warrant did not charge appellant with a violation of condition (11). Even had there been evidence that appellant had violated this condition, which there was not, his probation could not be revoked for a violation with which he was not charged. King v. State, 349 So.2d 738 (Fla. 2d DCA 1977).
The finding of a violation of condition (2), not reporting, is supported by substantial, competent evidence but is a technical violation on which we would normally reverse and remand for reconsideration. Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). In Tuff, we were "uncertain whether the trial court would have revoked probation and imposed the sentence it did solely on that ground." 338 So.2d at 1336. Here, however, the trial judge made the following comment at the conclusion of the revocation hearing:
If he's guilty of 2 and not 7 and 11 I would give him the same sentence. If he's guilty of 7 and not 2 and 11 I would give him the same sentence. If he's guilty of 11 and not 2 and 7 I would give him the same sentence.
This comment makes the trial judge's position clear and obviates the necessity for remand under the Tuff rationale.
REMANDED for correction of the order of revocation of probation; otherwise AFFIRMED. Appellant need not be present for this purpose.
HOBSON, Acting C.J., and DANAHY, J., concur.