384 So.2d 328 (1980)
Bennie JESS, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2408.
District Court of Appeal of Florida, Third District.
June 3, 1980.
*329 Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
Jess appeals from his conviction and maximum five-year sentence for uttering a forged instrument, which followed a revocation of probation. The trial judge found the defendant guilty of two separate violations of the conditions of probation: (a) the commission of a burglary and (b) the failure to file timely reports. As the state concedes, the burglary was not a proper basis for revocation because it was committed on May 19, 1978, after Jess's term of probation had already expired on December 12, 1977. Curry v. State, 362 So.2d 36 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979); Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA 1977); § 948.06(1), Fla. Stat. (1979).
The allegation that the defendant had violated the condition of probation requiring the submission of monthly reports was made in an affidavit which was never withdrawn by the state and which had been filed on December 9, 1977, shortly before the end of the probationary period. Peyton v. State, 383 So.2d 737 (Fla. 3d DCA 1980); Maycock v. State, 281 So.2d 64 (Fla. 3d DCA 1973). Contrary to the appellant's contention, we regard as irrelevant the fact that the identical allegation was also contained in an affidavit which was untimely filed on September 18, 1978, and which included the burglary charge. Cf. Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). The defendant's reliance upon the trial court's statement at the revocation hearing that it was proceeding under the latter affidavit is misplaced. Obviously, that comment did not affect the court's jurisdiction to revoke probation based upon the timely filed and still-effective affidavit of December 9, 1977. Compare Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971) (prior information vitiated by filing of amended information restating alleged offense); State v. O'Neal, 174 So.2d 564 (Fla. 2d DCA 1965) (prosecution under original information formally discontinued).
Since there is ample evidence that Jess in fact committed the misnamed "technical" violations, the revocation may be supported on that basis alone. Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); Franklin v. State, 226 So.2d 461 (Fla.2d DCA 1969). We do not know, however, whether the trial judge would have revoked the probation or imposed the same sentence on just that ground, without consideration of the burglary. We therefore think it appropriate to remand the cause so that the lower court may now make those determinations. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976); see McKeever v. State, 359 So.2d 905 (Fla. 2d DCA 1978); Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977); compare Scherer v. State, 366 So.2d 840 (Fla. 2d DCA 1979) (unsupported probation violation not substantial in relation to other charges; remand not required); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979) (trial court indicated that revocation and sentence based on each and every violation; remand not required).
Reversed and remanded.