384 So.2d 965 (1980)
Bobby Earl PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. NN-358.
District Court of Appeal of Florida, First District.
June 24, 1980.
Michael J. Minerva, Public Defender and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
LILES, WOODIE A., Associate Judge (Retired).
Appellant appeals the trial court's revocation of his probation. We reverse and remand.
Appellant was charged with failing to abide by the conditions of his probation requiring him to pay toward his cost of supervision pursuant to § 945.30, Fla. Stat., to pay $1,944 in restitution to a victim, and to pay the cost of the defense and prosecution in his case. He was also charged with breaching the conditions requiring him to work diligently at a lawful occupation and to support his dependents to the best of his ability.
At the revocation hearing, appellant, having been declared indigent, was represented by a public defender. Testimony indicated that appellant is employed, earning $3 per hour. Testimony further indicated that appellant did have certain expenses to meet, such as transporting his children from Texas to Florida. The record before this Court does not show conclusively, and the trial court did not specifically find, that appellant has the ability to make the payments required of him as part of his probationary condition. In Jones v. State, 360 So.2d 1158 (Fla. 1 DCA 1978), this Court declared:
We agree that these cases indicate that in order for an order of probation requiring payments of costs by a defendant to be enforceable, the court must find that the indigent defendant's financial condition is such that payment can be made. The record before us does not reveal that this *966 determination was made. Accordingly, it is necessary that this cause be reversed and remanded for a further hearing before the court.
At such hearing, the testimony should establish specifically the financial condition of appellant at the time the probation order was entered. Further, the financial condition of appellant at the present time should be examined. The court should make findings of fact concerning the aforementioned and should specifically determine whether appellant had the ability to pay costs during the probationary period.
See also Coxon v. State, 365 So.2d 1067 (Fla. 2 DCA 1979). On the basis of Jones and Coxon, and especially considering the fact that appellant was declared indigent by the trial court, we reverse and remand to the trial court for a determination of whether appellant has the ability to meet the monetary conditions of his probation.
We recognize that in this case appellant's probation possibly could have been revoked solely on the basis of the charge that appellant was periodically unemployed, in violation of one of his conditions of probation. However, as appellant points out, he was unemployed only from September 1976 until June 1977 and from October 1977 until March 1978. In April 1978 he was charged with violating probation in that he failed to work diligently at a lawful occupation in reference to the same two periods of unemployment, but the court did not choose to revoke his probation on that ground at that time. He has been gainfully employed since that time. We are unsure as to whether the trial court would have revoked appellant's probation in this case and imposed the same sentence for the sole reason that appellant failed to be gainfully employed during certain months of 1977 and 1978. Therefore, we decline to uphold the probation revocation on that ground alone and instead remand for further consideration. Compare Page v. State, 363 So.2d 621 (Fla. 1 DCA 1978).
Reversed and remanded for further consideration consistent with this opinion.
BOOTH and SHAW, JJ., CONCUR.