400 So.2d 1033 (1981)
Frankie Lee AARON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1581.
District Court of Appeal of Florida, Third District.
July 1, 1981.
*1034 Bennett H. Brummer, Public Defender and Charles Wender, Sp. Asst. Public Defender, Boca Raton, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.

REVISED OPINION
PER CURIAM.
This is an appeal from a judgment of conviction and sentence of five years less credit for time served, entered after the trial court found the defendant in violation of probation. The defendant has timely filed a notice of appeal to review an "order revoking and/or modifying the defendant's probation."
Though the notice of appeal is not from the entry of judgment and the imposition of sentence as it properly should be filed, it is abundantly clear from the record that the appellant intended to have the judgment and five-year sentence (less credit for time served) reviewed on the basis of the alleged error in the revocation proceeding. Additionally, the notice of appeal properly identifies the litigation and the state has not complained of its form. Moreover, the record presented will sustain such an appeal and there is an absence of any record basis for genuine prejudice as a result of the defective notice. Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967); Robbins v. Cipes, 181 So.2d 521 (Fla. 1966). Contra, Recht v. State, 344 So.2d 885 (Fla.4th DCA 1977), but see, Byrd v. State, 353 So.2d 1228 (Fla.4th DCA 1978) (not following Recht "since the error arose from state action.")
Following his conviction for the crime of aggravated battery, the defendant was initially placed on eighteen months probation, subject to the usual general conditions and a special condition of probation that restitution for medical expenses be made to the victim. An affidavit of violation of probation *1035 was later filed and, as indicated by the transcript of the probation revocation hearing, the defendant's probation was revoked on one or all of the following grounds:
(1) failure to pay medical expenses incurred by the victim;
(2) failure to pay the costs of probation supervision;
(3) failure to notify his probation officer of a change in his employment; and
(4) failure to file monthly reports.
The probation revocation proceeding reflects that the state did not offer any proof and the record does not support any finding that the defendant had the ability to pay the victim's medical costs or the costs of probation supervision. A showing of solvency must precede revocation for non-payment of restitution, Peterson v. State, 384 So.2d 965 (Fla.1st DCA 1980), and for failure to pay the costs of probation supervision, Sampson v. State, 375 So.2d 325 (Fla.2d DCA 1979). Consequently, revoking the defendant's probation for these two grounds was error.
The record reflects that the defendant did not notify his probation officer regarding the change in his employment status. The defendant testified that he had been discharged by two employers. Relying upon Kotowski v. State, 344 So.2d 602 (Fla.3d DCA 1977), the defendant argues that this was sufficient legal justification to excuse his failure to notify his probation officer. In Kotowski, the defendant had been evicted from his residence and consequently we found that his failure to have notified his probation officer regarding his change in address would have been a useless act. Here, the defendant's discharge by two separate employers may afford him legal justification or excuse for failing to maintain constant employment but it does not justify his failure to notify his probation supervisor of the name of his current employer or, at the very least, that he no longer had employment.
The transcript further reflects that the defendant had failed to timely file monthly probation reports which, standing alone, would support revocation of his probation. Page v. State, 363 So.2d 621 (Fla.1st DCA 1978). Therefore, as we have indicated, the record reflects two grounds upon which the court properly may have revoked the defendant's probation. We will not disturb an order revoking probation where it is supported by a legally sufficient basis in the record. Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979); Franklin v. State, 226 So.2d 461 (Fla.2d DCA 1969).
In this case, the grounds upon which the defendant's revocation of probation could properly have been based may be regarded as more technical than substantive in nature. Our review of the record discloses that the trial court's primary concern in revoking the defendant's probation was his failure to pay the medical costs incurred by the victim. Since this was not a legally sufficient basis upon which to revoke the defendant's probation; and since we do not know whether the trial court would have revoked his probation under the remaining grounds or whether the trial court would have imposed the remaining portion of the term of imprisonment; we reverse the judgment and sentence and remand the cause to the trial court, as we did in Jess v. State, 384 So.2d 328 (Fla.3d DCA 1980), to make such findings and determinations and then to re-sentence the defendant as it is so advised.
Reversed and remanded with directions.
NESBITT, Judge (dissenting):
Following our unanimous decision to reverse and remand to the trial court for reconsideration of its sentence, our opinion was met by a motion for rehearing by the state which supplemented the record by the filing of a certified copy of the order of revocation, which order expressly revoked the defendant's probation upon all of the grounds cited in the majority opinion. In my view, the written order of revocation now lodged before this court should change the result.
When we initially decided the appeal without a written order of revocation, we necessarily had to resort to the record to *1036 find support for the order of revocation. At that point, we had no way of knowing the grounds on which the trial judge actually revoked the defendant's probation. In that ambiguous state, it was perfectly proper to apply Jess v. State, 384 So.2d 328 (Fla.3d DCA 1980) and return the cause to the trial court to reconsider the sentence imposed upon the defendant.
The evidence was insufficient to warrant revocation of the defendant's probation because of his impecuniosity. However, the record does support, and we now know, that the trial judge additionally revoked the defendant's probation for his failure to: (1) notify his probation officer as to the change in his employment status; and (b) file monthly reports.
It is appellate doctrine that an order of the trial court will not be disturbed when it is supportable by any legally sufficient basis. Coxon v. State, 365 So.2d 1067 (Fla.2d DCA 1979) is very much in point because there the only ground for revocation was the failure to file monthly reports. To the same effect are the decisions of Page v. State, 363 So.2d 621 (Fla.1st DCA 1978) and Franklin v. State, 226 So.2d 461 (Fla.2d DCA 1969).
The majority considers the failure of the probationer to communicate with his probation officer, in whatever manner required, as being "technical" in nature. Other courts of appeal disagree with that view as I do. If a probationer is to be superintended, some form of communication between him and his supervisor is required. It is the very essence of probation. Without any means of communication between the two, no guidance, supervision, or protective correction can be expected. Of course, the failure of a probationer to communicate with his probation officer is not as serious as the commission of a substantive crime. Likewise, failure to communicate within the time and manner required is technical. However, the failure to report at all is a serious matter. A probationer's respect for the law is hopefully engendered by the probationer remaining in contact with his probation officer who symbolizes the authority by which the court's grace is extended. In this case, it may be reasonably inferred that had the probationer remained in contact with his probation officer, he might not have gone from job to job and hopefully would have accumulated enough earnings to have made restitution to the victim for medical expenses incurred after his teeth were knocked out by the probationer.
An indirect effect of the majority opinion is to now require trial judges sentencing defendants to probation to set forth with specificity their intent with respect to the individual grounds of revocation or hazard reversal. While this may be the better practice, I know of no such requirement to be imposed upon trial courts.
Because we are now aware of the actual grounds upon which the trial court revoked the defendant's probation, which are substantial, I would vacate only that portion of the order that required the defendant to make restitution and would otherwise affirm the order of revocation of probation as well as the defendant's sentence.