406 So.2d 86 (1981)
Clarence J. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AB-248.
District Court of Appeal of Florida, First District.
November 23, 1981.
*87 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In June, 1975 appellant was placed on probation for five years after pleading guilty to a charge of breaking and entering. On March 21, 1979 an Affidavit of Violation of Probation was filed which alleged that appellant had failed to file a monthly report for February 1979, had failed to make restitution payments as required, and had failed to pay costs of supervision. However, no action was taken on the Affidavit until after the probationary period had ended. On January 14, 1981 an "amended" Affidavit of Violation of Probation was filed which re-alleged the 1979 violations. The amended affidavit also contained allegations regarding criminal charges that had been filed against appellant for acts occurring in August 1980. After a hearing, appellant's probation was revoked and he was sentenced to five years in prison on the 1975 breaking and entering charge. The judge issued no written findings on which he based his opinion. He merely stated at the revocation hearing that he found that the defendant had violated the terms of his probation.
The criminal acts which the defendant was alleged to have committed occurred after his probationary period had expired. Therefore, it was improper to revoke probation based on those allegations. Jess v. State, 384 So.2d 328 (Fla. 3rd DCA 1980). In addition, it was not proper to revoke appellant's probation on the basis of the 1979 allegations that he failed to make restitution and cost of supervision payments. This is so because the record is void of any evidence showing that the defendant was able to make the payments. Peterson v. State, 384 So.2d 965 (Fla. 1st DCA 1980). Therefore, the judge should not have based the revocation order on the failure to make restitution and supervision payments, or the 1980 criminal acts.
The only remaining allegation of probation violation was the failure to submit a monthly report for the month of February, 1979. This allegation was proved through the testimony of a probation officer who was custodian of appellant's file. He testified that there were no monthly reports in the file dated after January 31, 1979. This testimony was admissible under § 90.803(7) Fla. Stat. (1979), and was sufficient to prove the charge that appellant had not submitted a report for the month of February, 1979.
Because we cannot determine from the record whether the trial court considered the improperly alleged violations, the cause is remanded for further proceedings consistent with this opinion.
SHAW, JOANOS and THOMPSON, JJ., concur.