PER CURIAM.
The trial court found the defendant guilty of four separate violations of the conditions of his probation, but erroneously refused to entertain a timely motion to suppress evidence relating to three of the charged violations. Grubbs v. State, 373 So.2d 905 (Fla.1979); Nealy v. State, 400 So.2d 95 (Fla.3d DCA 1981); Huppertz v. State, 399 So.2d 992 (Fla.3d DCA 1981); State v. Dodd, 396 So.2d 1205 (Fla.3d DCA 1981).
The remaining violation involved the act of leaving the county of residence without first obtaining the consent of the probation office. This violation will be unaffected by any future ruling of the trial court on the defendant’s motion to suppress. Moreover, this violation, while technical in nature, is sufficient for revocation. Cf. Aaron v. State, 400 So.2d 1033 (Fla.3d DCA 1981) (failure to notify probation officer of change in employment and failure to file monthly reports); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979) (failure to file monthly reports); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978) (failure to file monthly reports); Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969) (failure to file monthly reports).
However, since it appears from the record that the trial court’s primary reasons for revoking the defendant’s probation were the charges that the defendant possessed cocaine, carried a concealed firearm, and possessed a firearm while a convicted felon, all of which will stand or fall depending on the outcome of the suppression hearing, and since it is likely that these violations were the substantial reason for the punishment imposed on the defendant, a remand for a suppression hearing is in order. If, after hearing, the defendant’s motion to suppress is denied, the revocation presumably will be reinstated. If the motion to suppress is granted, the trial court must then determine whether it will revoke, which it is free to do, the defendant’s probation for the remaining violation of leaving the county without permission. See Aaron v. State, supra; Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).
*585 In the event upon remand revocation results, the defendant, who has on this appeal accurately asserted that his sentence of incarceration for three years as a special condition of probation violates Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981), and has asked for relief, must be resentenced in a manner which does not offend Villery.
Reversed and remanded with directions to proceed consistent with the views expressed herein.