429 So.2d 84 (1983)
Jackie Vernon CHAPPELL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-441.
District Court of Appeal of Florida, Fifth District.
April 6, 1983.
*85 James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Brian R. Hanson, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
The trial court revoked appellant's probation on the evidence submitted that appellant had failed to file two consecutive monthly reports as he was required to do by the probation orders. We agree that the failure to file monthly reports as required by the probation order is a substantial violation which will support revocation of probation. Aaron v. State, 400 So.2d 1033 (Fla. 3d DCA 1981); Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978). The trial court found that this violation was a sufficient independent ground for revocation of probation and was correct in so holding.
Additionally, the evidence supported the conclusion that appellant had failed to comply with a court-imposed condition that he comply with instructions given him by his probation supervisor, when he failed to comply with the supervisor's instruction to submit a list of employers to whom appellant had applied for work. Probation is a matter of legislative and judicial grace, and the burdens of compliance are slight compared to the alternative of imprisonment. Watkins v. State, 368 So.2d 363 (Fla. 2d DCA 1979). The trial court found that appellant had violated his probation and we cannot hold him in error for doing so.
AFFIRMED.
SHARP and COWART, JJ., concur.