439 So.2d 1028 (1983)
James EDWARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-345.
District Court of Appeal of Florida, Third District.
November 1, 1983.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
On July 12, 1982, appellant was placed on probation for writing six worthless checks totalling $878. Several conditions were imposed on the appellant in the order granting probation. Four months later, appellant's probation supervisor filed an affidavit alleging that appellant had violated four of the conditions of probation. After a hearing, the trial court entered an order revoking probation. The order recited all four violated conditions as the basis for revocation. These conditions were: (1) probationer may not leave Dade County without the prior consent of his probation supervisor; (2) probationer must submit written monthly reports; (3) probationer must pay $10 a month for cost of supervision; (4) probationer must make restitution payments at a minimum rate of $30 a month.
It is undisputed that the appellant left the county without the consent of his supervising probation officer. While this violation is technical in nature, it is sufficient to support revocation of probation. Lavazzoli v. State, 408 So.2d 583, 584 (Fla. 3d DCA 1981), approved, 434 So.2d 321 (Fla. 1983). It is also clear that the defendant failed to file any written report for two months. This is a substantial violation of the conditions of probation. Chappell v. State, 429 So.2d 84 (Fla. 5th DCA 1983); Roth v. State, 406 So.2d 121 (Fla. 2d DCA *1029 1981); Aaron v. State, 400 So.2d 1033, 1036 (Fla. 3d DCA) (Nesbitt, J. dissenting), pet. for review denied, 408 So.2d 1095 (Fla. 1981).
Appellant does not dispute that he failed to make restitution payments and payments for the cost of supervision. However, there is no evidence in the record to prove that the appellant is currently capable of making the payments. Therefore, these two violations were not valid grounds for revoking probation. The state must prove that he was financially able to make the payments before failure to pay will warrant revoking probation. Smith v. State, 380 So.2d 1175 (Fla. 4th DCA 1980).
In sum, one of the violations was technical, but a valid basis for revoking probation. The other valid basis for the revocation was a substantial violation. On these grounds, we affirm the order revoking probation. See Roth v. State (striking four violations from the order of revocation because the state did not sustain its burden of proof but affirming the order because the two remaining violations were substantial and warranted revocation). The remaining two violations were not valid reasons for the revocation, because the state failed to prove appellant's ability to pay. These two violations must be stricken from the order of revocation. We remand to the trial court for reconsideration without regard to the two financial conditions which were violated. See Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).
Affirmed in part, reversed in part, and remanded.