444 So.2d 523 (1984)
Steve MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. AU-56.
District Court of Appeal of Florida, First District.
January 20, 1984.
*524 Michael Allen, Public Defender and Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and John Tiedemann, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Miller appeals the trial court's order revoking his probation. We affirm in part and reverse in part.
He was charged with the following violations: (1) failure to file written monthly reports for the months of February and March, 1983; (2) theft on February 10, 1983, by "unlawfully [depriving] Safety Cab Company ... of $15 for services rendered"; and (3) defrauding an innkeeper on April 4, 1983, by "unlawfully [depriving] Jerry's Restaurant ... of $5.83 in food and services." The evidence presented at the revocation hearing was sufficient to support the trial court's finding that Miller was guilty of the first violation regarding the written monthly reports. However, the appellant's claims of error regarding the second and third violations are well founded.
The prosecutor's basic problem was in presenting witnesses neither of whom had any direct knowledge of the alleged thefts. No one from either the taxi cab company or the restaurant testified. Instead, the State called probation officer Everette and police officer Etheridge.
The State, over defense hearsay objections, introduced into evidence, through the probation officer, the following: (1) a photocopy of a notice to appear pertaining to the alleged cab fare offense which notice contained a written summary of the offense signed by Officer Etheridge; and (2) a photocopy of an arrest report pertaining to the alleged restaurant offense which report included a written summary of the offense signed by an Officer Fields.
The State also was allowed to elicit from probation officer Everette two conflicting oral statements made by Miller to Everette regarding the restaurant offense. According to Everette, Miller first told him that after consuming his meal and proceeding to pay for it, Miller discovered that either he had lost his ten dollar bill or it had been stolen. Everette testified that Miller later *525 told him that he went to the restaurant with a friend, that they ate, that afterwards Miller had enough money to pay for his own meal but not that of his friend, and that it was the friend's bill which he was accused of not paying. Defense counsel objected to the statements on the grounds of a discovery violation in that a week before the trial the prosecutor had filed a written response to a defense demand for discovery stating that Miller had given no statements. The objections were overruled, and Everette was allowed to testify to such statements.
Officer Etheridge's testimony concerned only the cab fare incident. He testified, over counsel's hearsay objections, that the cab driver told Etheridge that Miller did not pay for the cab ride.
Etheridge also testified that Miller made the statement to him that Miller did not have the money at home to pay the cab fare. Defense counsel objected to this testimony on the grounds that the prosecutor had failed to disclose such statements in his response to the defense demand for discovery and had affirmatively represented to the defense that there were no statements of Miller. The court overruled the objections and denied defense counsel's request for hearing, under Richardson v. State, 246 So.2d 771 (Fla. 1971), to inquire into the circumstances surrounding the discovery violation and the resulting prejudice, if any, to the defense.
It appears to be well settled now in Florida that hearsay is admissible in probation revocation proceedings. Cuciak v. State, 410 So.2d 916, 918 (Fla. 1982); Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982); Couch v. State, 341 So.2d 285 (Fla. 2nd DCA 1977). It is equally clear, however, that a probation violation charge cannot be sustained by hearsay alone. Turner v. State, 293 So.2d 771 (Fla. 1st DCA 1974); Clemons v. State, 388 So.2d 639 (Fla. 2nd DCA 1980); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977).
With respect to the two criminal charges for which the State sought revocation of Miller's probation, the only evidence offered by the State, aside from the statements made by Miller, was hearsay. We then must determine whether the trial court properly allowed, over objection, evidence of Miller's statements concerning his failure to pay the cab driver and of his two conflicting statements concerning the circumstances surrounding the restaurant bill.
In responding to the defense objections concerning the State's alleged discovery violations, the prosecutor represented to the trial court that there is no right to discovery in a probation revocation hearing. To the contrary, the Florida Supreme Court has held:
Fair play and justice require that a defendant in a probation revocation hearing be entitled to reasonable discovery pursuant to rule 3.220.
Cuciak v. State, supra, at 918. The court's opinion in Cuciak does suggest that the full panoply of discovery under the Florida Rules of Criminal Procedure is not necessarily available in probation revocation proceedings. As the court stated:
The trial court has the inherent power to decide what is reasonable discovery in a probation revocation proceeding. The state may apply to the judge for a modification of the probationer's demand for discovery if it becomes too burdensome. At the very least a probationer is entitled to the name and identification of his accusers and other basic information that is reasonably necessary to the preparation of his defense.
[Id at 918][1] Since the State did not challenge in any respect the defendant's entitlement *526 to rely upon the discovery provisions of Fla.R.Cr.P. 3.220(a) and, in fact, as previously noted, furnished the defense with written responses affirmatively representing that there were no Rule 3.220(a)(1)(iii) statements of the defendant, the State was foreclosed from asserting at hearing that such discovery rules were inapplicable to the proceedings.
The Court in Cuciak also held that the trial court is required to conduct a Richardson hearing in a probation revocation proceeding in order to make inquiry regarding possible prejudice to the defendant when the discovery rules are violated. No such inquiry was made notwithstanding counsel's request therefor. Cuciak did modify the Richardson rule in revocation hearings by holding that failure to conduct a Richardson inquiry does not require reversal when the appellate court finds to its satisfaction that the error was harmless. Under Cuciak, the burden rests upon the state to prove the error was harmless. We have no difficulty in concluding that the State has failed to demonstrate to this Court that the failure to conduct a Richardson inquiry was harmless given the fact that, other than the statements which were the subject of the discovery violation, the only evidence presented by the State concerning the two criminal violations was hearsay.
The State argues that its discovery violation should be regarded as harmless because the State's response to the discovery demand disclosed the names of the various witnesses, and in support theroef, the state cites Cuciak in which the Court ultimately held that Cuciak was not prejudiced by the alleged discovery violation. The State's argument is unavailing. Although it is not clear from the opinion in Cuciak as to what facts or evidence the demand for discovery sought from the State, apparently the demand sought the names of witnesses. Significantly, the Supreme Court pointed out that the State never responded at all to the demand for discovery. As revealed in the Fourth District's opinion, Cuciak v. State, 394 So.2d 500 (Fla. 4th DCA 1981), Cuciak's attorney apparently took no action prior to commencement of the hearing to seek enforcement of his discovery rights but, instead, opted to wait until the hearing to object and did so as each witness was called. The Supreme Court also pointed to the fact that the defense had available to it the names of the four witnesses, all of whom appeared either on the probation violation affidavit or the accident report. The discovery violation in the case at bar, which involves: (1) the erroneous representation by the state in its response to defense counsel's demand; and (2) no showing that the defense had any independent knowledge of the existence of the evidence sought, contrasts sharply with the alleged violation in Cuciak.
For the above reasons, we vacate and set aside the judgment and sentence as well as the revocation order. With respect to the appellant's failure to file the two written monthly reports, a violation which we have found is supported by the evidence, we recognize that the trial court would have been justified in revoking the appellant's probation on that ground alone. Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); Chappell v. State, 429 So.2d 84 (Fla. 5th DCA 1983); Aaron v. State, 400 So.2d 1033 (Fla. 3rd DCA 1981). However, we, of course, do not know whether the trial court would have revoked the appellant's probation based solely upon the failure to file the two monthly reports, particularly in view of the relatively less culpable nature of that violation in comparison with the other two charges which involve criminal offenses. On remand, the trial court shall determine whether, in the court's discretion, probation should be revoked. If so, the court shall enter a new order of revocation and a new judgment and sentence. Cf. Clemons v. State, supra, and Page v. State, supra.
Recognizing that the State, in the event that the trial court does not see fit to revoke Miller's probation based upon the sole ground of failure to file monthly reports, may wish to proceed anew against him for violation of probation based upon *527 the same two grounds which we have found were supported only by hearsay, we note that our reversal does not bar a second revocation proceeding based upon another affidavit alleging the same violations. Turner v. State, supra; Purvis v. State, supra; Clayton v. State, 422 So.2d 83 (Fla. 2nd DCA 1982); Couch v. State, supra; Tuff v. State, 338 So.2d 1335 (Fla. 2nd DCA 1976); Clemons v. State, supra.
For clarification, we further note that, should there be a second revocation hearing, our reversal on the discovery violation grounds is not to be construed to preclude introduction at the second hearing of the evidence which was the subject of such discovery violations.
AFFIRMED in part and REVERSED in part and REMANDED for proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Inasmuch as the Florida Supreme Court has now recognized entitlement of a probationer to "reasonable discovery pursuant to rule 3.220," we would echo the Supreme Court's observation in Cuciak that consideration should be given to the formulation of appropriate amendments to the rules of criminal procedure delineating distinctions between discovery rights in criminal trials and the discovery rights which will be afforded in probation proceedings. Probation hearings should not be turned into non-jury criminal trials.