SCHOONOVER, Judge.
Appellant, Fernando Jones, appeals from a judgment and sentence entered upon a finding that he had violated the terms and conditions of his probation. We reverse and remand for resentencing.
Appellant, after pleading guilty to sale of a controlled substance, cocaine, a violation of section 893.13, Florida Statutes (1983), was placed on probation for three years. He subsequently was charged with violating conditions (1), (2), (8), and (10) of his *286 probation. Condition (1) required appellant to submit monthly reports; condition (2) required him to make payments toward the cost of his supervision; condition (8) required him to follow instructions of his probation officer; and condition (10) required him to pay $403.50 in court costs.
At the conclusion of appellant’s revocation of probation hearing, the trial court found him guilty of violating all four conditions. The court, without entering a written order revoking appellant’s probation, sentenced him to serve three years in the state prison.[1] This appeal timely followed.
We find that the evidence presented at the probation revocation hearing was insufficient to show that appellant had the ability to make the financial payments required of him by conditions (2) and (10) of his probation. The trial court therefore erred in finding appellant guilty of violating these conditions. Rodriguez v. State, 405 So.2d 794 (Fla. 2d DCA 1981). There was, however, sufficient evidence presented to support the trial court’s finding that appellant failed to submit written monthly reports and to follow lawful instructions given to him by his probation officer.
Although failure to file written reports and failure to follow a probation officer’s instructions may be considered substantial violations of probation, Roth v. State, 406 So.2d 121 (Fla. 2d DCA 1981); Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983), we are uncertain that the trial court in this case would have revoked probation and imposed the sentence it did solely on those grounds. We, accordingly, reverse and remand for further proceedings consistent herewith. McKeever v. State, 359 So.2d 905 (Fla. 2d DCA 1978).
Reversed and remanded.
DANAHY, A.C.J., and LEHAN, J., concur.

. In view of our disposition of the matter, it is not necessary for us to remand for the entry of a written order revoking appellant’s probation, or to consider the validity of the trial court's reasons for departure from the guidelines.