NIMMONS, Judge.
Appellant Shamburger appeals from an order revoking his community control. We affirm.
Appellant was placed on community control on June 27, 1984. He had a post-sentencing conference that day with his community control officer, Mr. Rodenberry. One month later, an affidavit for violation of community control was executed by Mr. Rodenberry. The affidavit alleged a number of violations of community control including his arrest on July 5, 1984 on a charge of driving with an unlawful blood alcohol level and related charges. After an evidentiary hearing, the Court found that appellant had violated the following conditions of the community control order:
(1) Not later than the fifth day of each month, you will make a full and truthful report to your Community Control Officer on the form provided for that purpose.
(2) You will pay the State of Florida Twenty dollars ($20.00) per month toward the cost of your supervision, unless *1366 otherwise waived in compliance with Florida Statutes.
[[Image here]]
(8) You will promptly and truthfully answer all inquiries directed to you by the Court or the Community Control Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
(9) You will report to your Community Control Officer at least four (4) times a week, or, if unemployed full time, daily.
The revocation hearing was held prior to disposition of the charges for which he was arrested on July 5. Accordingly, the Court did not find any violation arising from such charges.
With respect to condition # 1, there was testimony that the appellant’s first written report was due by July 5. Appellant relies upon the fact that he was arrested on July 5 and was incarcerated for several weeks thereafter. The mere fact thát the appellant was incarcerated on the last day for submission of his written report does not necessarily mean that he was unable to mail in his report. There was no testimony that he made any effort to do so by the date required or thereafter. '
Regarding condition # 2, there was testimony that the appellant failed to ever make the July payment. Although appellant argues that he was without funds to comply with that condition, there was no testimony that the appellant was unable to make such payment. Under Section 948.-06(4), Florida Statutes (1984 Supp.), it was incumbent upon the appellant to “prove by clear and convincing evidence that he did not have the present resources available to pay” the requisite sums.[1] The mere fact that the appellant was incarcerated is insufficient to establish that he was unable to pay.
There was also sufficient evidence for the Court’s findings that the appellant violated conditions #8 and #9. With respect to the former, the appellant failed to comply with reasonable instructions of his community control officer regarding an interview at the unemployment office on June 29, 1984. Concerning condition #9, there was testimony that appellant had been instructed to call in to his community control office at least four times per week. The evidence was that the only such call that was made before or after his arrest was one on June 29.
The evidence of the appellant’s violations was clearly substantial enough to justify the revocation order. See Miller v. State, 444 So.2d 523, 526 (Fla. 1st DCA 1984) (failure to file two written monthly reports). Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978) (failure to file monthly reports); Thomas v. State, 453 So.2d 156 (Fla. 1st DCA 1984) (failure to file monthly reports and failure to follow probation officer’s supervisory instructions).
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.

. Appellant relies upon Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978); Winfield v. State, 406.So.2d 50 (Fla. 1st DCA 1981), and Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978), for the proposition that the State had the burden of proving that the defendant had the ability to pay such costs. However, these cases were decided prior to the enactment of Chapter 84-337, Laws of Florida, which became effective on June 24, 1984, three days prior to the order placing the appellant on community control. That law amended Section 948.06 by adding subsection 4, which, in pertinent part, reads;
(4) In any hearing in which the failure of a probationer or offender in community control to pay restitution or the cost of supervision as provided in s. 945.30, as directed, is established by the state, if the probationer or offender asserts his inability to pay restitution or the cost of supervision, it is incumbent upon him to prove by clear and convincing evidence that he does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so. * * *
The appellant made no effort to present evidence that he did not have the present resources to pay the requisite costs. Compare Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985).