519 So.2d 757 (1988)
Sidney C. EARLE, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-171.
District Court of Appeal of Florida, First District.
February 10, 1988.
*758 Michael E. Allen, Public Defender, and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals the revocation of his probation in three separate cases and the imposition of restitution as a condition of probation. We affirm appellant's convictions and the imposition of restitution, but remand for the trial court to amend the revocation orders to conform to its oral pronouncements.
At the plea hearing, the trial judge accepted appellant's admissions of three of the four alleged violations of probation: (1) appellant failed to submit required monthly reports; (2) appellant failed to maintain a residence at his approved residence and has in fact resided with Stephanie Williams, contrary to a trespass order taken out by Stephanie Williams; and (3) appellant failed to follow instructions to cooperate with project "SURE" to establish full-time employment and to call in the name and address of his employer once he claimed to have found a job. Appellant's admissions, which are substantial under the facts and circumstances of this case, support the revocation orders and judgments and sentences. Wilson v. State, 506 So.2d 1170 (Fla. 1st DCA 1987); Scherer v. State, 366 So.2d 840 (Fla. 2d DCA 1979); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979).
It is apparent from the record that the trial court intended to revoke probation and impose the sentences it did solely on the grounds of the three admissions. There is no indication that the trial court relied on the fourth alleged violation: appellant failed to live at liberty without violating the law by committing an assault upon Stephanie Williams. Therefore, remand for reconsideration of either the revocation orders or the sentences is not necessary. Wilson, supra.
In the orders of revocation of probation, the trial court found violations of conditions "as stated in the affidavit dated 7/21/86." This statement implies that the trial judge relied on all four alleged violations, including the assault charge which appellant disputed. A written order revoking probation must conform to the court's oral pronouncement. Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979).
We find no merit in appellant's argument that he received no notice as to the possibility of the imposition of restitution. Appellant's failure to object below precludes him from contesting the imposition of restitution on appeal. Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981). Although appellant waived his right to require the trial court to determine his ability to pay at the time the court entered the order, a showing of solvency must precede revocation of probation for nonpayment of restitution. Peterson v. State, 384 So.2d 965 (Fla. 1st DCA 1980).
Affirmed in part, reversed in part, and remanded for the trial court to correct the orders of revocation of probation.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.