528 So.2d 499 (1988)
Rodney ROSEBORO, a/k/a Dennis Smith, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2463.
District Court of Appeal of Florida, Second District.
July 13, 1988.
*500 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Rodney Roseboro, a/k/a Dennis Smith, challenges the judgment and sentence imposed upon him after he was found guilty of violating his probation. We affirm.
The appellant, under the name of Dennis Smith, was originally placed on two years probation after pleading guilty to the offense of second degree grand theft in violation of section 812.014(2)(b), Florida Statutes (1985). Approximately one month later, he was charged with violating his probation.
At the subsequent probation revocation hearing, the appellant's probation officer, Lisa White, testified that after the appellant had been advised of all of the terms and conditions of his probation, he violated condition eight by answering her inquiries untruthfully. As to condition eight, the appellant's true name was Rodney Roseboro, but he had advised Ms. White that his name was Dennis Smith and gave her other false information concerning the names of his family members. Ms. White also testified that the appellant informed her that he had never been arrested or in trouble as an adult. The state next called the appellant's parole officer as a witness. At that point, the appellant stipulated that he had been on parole for another crime when his probation officer executed the violation of probation affidavit. The appellant, testifying on his own behalf, admitted that his true name was Rodney Roseboro, and said that he had used the name Dennis Smith as an alias when he had been arrested in the past. He denied ever lying to his probation officer.
At the conclusion of the hearing, the trial court found the appellant guilty of violating the terms and conditions of his probation, revoked his probation, and imposed a guidelines sentence of five years in prison. This timely appeal followed.
The appellant does not challenge the trial court's finding that he violated the conditions of his probation. Rather, he contends that the violations were technical, trivial, and not substantial. We agree that in order to revoke probation the state must prove by the greater weight of the evidence that the probationer's actions were "willful and substantial." Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988); Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977). In this case, however, there was sufficient evidence presented to the trial court to show that the appellant willfully misrepresented his name, the names of his family members, and his prior criminal record. We find that such conduct constituted a "substantial" violation of condition eight of the appellant's probation. Cf. Jones v. State, 479 So.2d 285 (Fla. 2d DCA 1985) (failure to file written reports and failure to follow probation officer's instructions may be considered substantial violations). See also, Roth v. State, 406 So.2d 121 (Fla. 2d DCA 1981). The trial court, therefore, did not abuse its discretion in revoking the appellant's probation.
Affirmed.
DANAHY, A.C.J., and PARKER, J., concur.