558 So.2d 183 (1990)
Freddie ARCHIE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1350.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.

CONFESSION OF ERROR
PER CURIAM.
The defendant, Freddie Archie, appeals from an adjudication of guilt and sentence entered following revocation of his community control. We affirm defendant's adjudication of guilt, but remand for the trial court to amend the revocation order to conform to its oral pronouncements.
Defendant was charged with robbery and entered a negotiated plea of nolo contendere. The court withheld adjudication and ordered that the defendant be placed in community control for a period of two years. The community control officer filed an amended affidavit of violation of community control alleging various substantive and technical violations including failure to report, failure to remain confined to the approved residence, failure to seek employment, and failure to pay costs and restitution.
The trial court revoked the defendant's community control, finding that he had willfully and substantially violated the conditions set by the court for his community control by not remaining confined to his home at approved times and by failing to report to his community control officer. The trial court specifically stated that it would not consider the restitution or employment issues. However, the written order of revocation of community control recites that the defendant violated his community control by failing to pay costs, failing to pay restitution, failing to secure employment, failing to report, and failing to remain confined to his approved residence. The defendant was then adjudicated guilty of the underlying offense of robbery, and sentenced to five-and-a-half years in prison.
As the state properly concedes, a written order of revocation must conform to the trial court's oral pronouncement. Earle v. State, 519 So.2d 757 (Fla. 1st DCA 1988); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979). The written order in this case addresses the restitution and employment issues and, therefore, does not conform to the trial judge's oral pronouncement. For these reasons, we remand so that the trial *184 court can correct the order revoking community control to reflect only the trial court's oral pronouncement.