PER CURIAM.
Appellant, Eugene Morris, appeals a revocation of probation and the imposition of a guidelines departure sentence more than one cell from the applicable sentencing guidelines range. At the probation revocation hearing, the trial court orally pronounced that appellant had failed to make reports or follow the instructions of his probation supervisor. The court, however, did not enter a written order of revocation of probation. Further, in imposing the term outside the guidelines, the trial court failed to enter any written reasons to justify the departure sentence.
We find no reversible error in the trial court’s findings that appellant had failed to make his reports or follow the instructions of his probation supervisor. Accordingly, we affirm the revocation of appellant’s probation. See Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983).
We are compelled, however, to remand with directions to the trial court to enter a written order, which conforms to its oral pronouncement. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987); Feezel v. State, 463 So.2d 1244 (Fla. 2d DCA 1985). In addition, we reverse the sentence imposed and remand for resentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990). The sentence imposed on remand “may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range)_” R. 3.701d(14), Fla.R.Crim.P.
Affirmed in part and remanded with directions; reversed in part and remanded for resentencing within the guidelines.
JORGENSON, J., concurs in result only.