615 So.2d 833 (1993)
Andrew JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3356.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
*834 OWEN, WILLIAM C., Jr., Senior Judge.
Appellant was sentenced to prison following the revocation of his community control and probation. Contrary to his contention here, we conclude that the evidence adequately supports the trial court's oral pronouncement finding appellant had violated certain conditions of his community control and probation. See Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947). We approve the revocation of community control and probation, but remand the order of revocation for the court to amend it consistent with this opinion. We affirm the sentence on Count I, but vacate the illegal concurrent sentence on Count II.
Appellant was adjudged guilty of possession of cocaine, a lesser included of Count I, and was sentenced to time served, followed by two years of community control and one year of probation. The affidavits of violation of conditions of community control and probation charged, among other violations, appellant's failure to seek work, and his failure to receive substance abuse evaluation. At the hearing the state amended the warrant to add the violation of failure to complete community service hours, but failed to amend the affidavit. The court stated that it found appellant in violation for failure to seek work, failure to receive substance abuse evaluation, and failure to complete community service hours. An order of revocation may not be based upon a violation not charged in the affidavit, Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990), and upon remand the amended order shall omit this violation as a basis of revocation.
The court's written order of revocation, rather than specifically listing the violations upon which it was based, instead referred to violations by paragraph numbers only. While that might be expedient in some instances, here it only created confusion because the paragraph numbers in the order for community control and the paragraph numbers in the order for probation did not correspond. On remand, except for omitting appellant's violation for failure to complete community service hours, the written order of revocation must conform to the court's oral pronouncement. Archie v. State, 558 So.2d 183 (Fla. 3d DCA 1990); Earle v. State, 519 So.2d 757 (Fla. 1st DCA 1988).
Upon revoking community control and probation the court sentenced appellant to concurrent terms in prison for Count I, as well as Count II. The latter was a misdemeanor for which appellant had initially been sentenced only to time served. We vacate the sentence as to Count II. Upon remand the court should enter a corrected sentence reflecting that it is on Count I only. Appellant does not need to be present for this clerical correction on Count I.
GUNTHER and STONE, JJ., concur.