642 So.2d 667 (1994)
Ramon CORONA, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-98.
District Court of Appeal of Florida, Third District.
September 21, 1994.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., BARKDULL and GODERICH, JJ.
PER CURIAM.
The defendant, Ramon Corona, appeals from an order revoking his community control. We affirm the revocation of his community control, but remand for the trial court to amend the revocation order to conform to its oral pronouncements.
The defendant contends that the trial court erred in revoking his community control for failure to enter a drug treatment program where the only evidence presented at the revocation hearing was hearsay. We disagree.
*668 The record reveals that the state presented an acceptable combination of hearsay and non-hearsay evidence. See Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982) (hearsay evidence may be considered in probation revocation hearing as long as not only evidence upon which revocation is based). The probation officer stated that the defendant had failed to report to the drug treatment program after he was released from court. The defendant's wife had told the probation officer that the defendant had not gone to the program. Additionally, the probation officer did not receive any of the paperwork from the program indicating that the appellant had entered the program. The state also presented the defendant's testimony that he understood enrollment in the drug treatment program was a condition of community control and that he made no attempt to comply with the condition. Based on the evidence presented to it, the trial court properly found that the defendant's violation was willful and substantial. We find that the trial court properly revoked the defendant's community control.
The state properly concedes that the trial court erred in reciting in its written order of revocation that the defendant violated community control by committing an aggravated assault where the trial court's oral pronouncement was that the defendant had only violated community control by failing to enter the drug treatment program. See Archie v. State, 558 So.2d 183 (Fla. 3d DCA 1990). Accordingly, this cause should be remanded to the trial court with instructions to strike the reference to the commission of an aggravated assault from the revocation order. See Manuel v. State, 564 So.2d 291 (Fla. 3d DCA 1990); Archie, 558 So.2d at 183; Roberts v. State, 512 So.2d 286 (Fla. 3d DCA 1987).