318 So.2d 472 (1975)
Willie Foy ROBBINS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 74-1764.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Warner S. Olds, Public Defender, and Robert S. Horowitz, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
After pleading nolo contendere to criminal charges pending against him appellant was placed on probation for three years. Thereafter, appellant was charged with violating three conditions of his probation. After holding a hearing, the trial court entered an order of revocation of probation finding that appellant had
"... violated the conditions of his probation in a material respect by
II. Violation of Special Condition (K), Order of Probation, by failing to pay Public Defender's fee of $350.00 at the rate of $25.00 per month through the Florida Parole & Probation Commission in Broward County, Florida.
III. Violation of Special Condition (L) Order of Probation, by failing to participate in a drug rehabilitation program selected by his Probation Officer."
At the revocation hearing appellant denied that he had not participated in a drug rehabilitation program. The only evidence adduced by the State on the charge of violation of Special Condition (L) was hearsay, objected to by appellant. The rule is that probation may not be revoked solely upon hearsay evidence. Sharp v. State, Fla.App. 1974, 303 So.2d 56; White *473 v. State, Fla.App. 1974, 301 So.2d 464. Therefore the finding as to Special Condition (L) was improper.
With reference to the violation of Special Condition (K), there was no evidence that appellant was able to make the payments in question. Therefore the finding as to Special Condition (K) was improper. See Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
We believe a trial court has the power to provide as a condition of probation that a defendant pay a reasonable sum as attoney's fees to the State for the services of a public defender under the broad grant of authority contained in § 948.03, F.S. 1973. However, before a defendant's probation can be revoked for violation of such a condition the court must determine that the probationer has failed to make the required payments when he had the ability to do so. To revoke a defendant's probation for failure to make required payments when he was unable to do so would bring into grave doubt the constitutionality of § 27.56, F.S. Fuller v. Oregon, supra; cf. Gryca v. State, Fla.App. 1975, 315 So.2d 221 (First District).
Since this cause must be remanded, we deem it appropriate to treat the second point on appeal:
"THE TRIAL COURT ERRED REVERSIBLY IN DENYING DEFENSE COUNSEL'S MOTION TO WITHDRAW BECAUSE OF AN APPARENT CONFLICT OF INTEREST WHERE ONE OF THE ALLEGED VIOLATIONS WAS FAILURE TO PAY INSTALLMENTS OF THE PUBLIC DEFENDER FEE AWARD: DEFENDANT WAS THEREBY DEPRIVED OF HIS RIGHT TO COUNSEL."
Members of the office of the Public Defender for the 17th Judicial Circuit represented the appellant at the original criminal proceedings, at the probation revocation proceedings, and on appeal from the order revoking probation. The assistant public defender who represented the appellant at the revocation proceedings moved to withdraw on the ground that he could not defend a man who supposedly owed money to the public defender's office. The court denied the motion. Under the circumstances of this case, that denial was proper.
To begin with, a defendant represented by a public defender does not owe any money to the public defender; he owes it to the state. § 27.56(1), F.S. 1973. It is true that § 27.56(1) provides that liens for the services of the public defender "shall be enforced on behalf of the state by the [public defender]"; however, it is also true that there was no showing in this case that the public defender's office which was representing appellant made any attempt to enforce any lien against appellant under § 27.56(1), or that it sought to collect any debt from appellant under § 27.56(2)(c), F.S. 1973. Under such circumstances we fail to see any conflict of interest between the public defender's office and the appellant.
It should be noted that a public defender has no absolute duty to pursue any indigent on behalf of the state, since the legislature has provided that, as an alternative to § 27.56(1), the appropriate board of county commissioners has the authority under § 27.56(2)(b) to enforce any debt owed to the state pursuant to § 27.56. By refraining from engaging in any financial actions against its client, a public defender's office can avoid any conflict or appearance of conflict.
Accordingly, the order revoking appellant's probation is reversed and the cause is remanded for a new hearing on the alleged probation violations.
Reversed.
CROSS and MAGER, JJ., concur.