351 So.2d 1103 (1977)
Larry COMBS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1984.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief, Appellate Division, and James K. Green, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This is an appeal from an order revoking probation. The appellant, Larry Combs, was charged with violating his probation by participating in a burglary. Combs argues and the State concedes that the only evidence of Combs' participation in the burglary was hearsay testimony by a police officer that another participant in the burglary had implicated Combs. There was no other evidence connecting Combs to the burglary.
While hearsay evidence is admissible in probation revocation proceedings, a defendant's probation cannot be revoked solely on the basis of hearsay evidence. Demchak v. State, 351 So.2d 1053 (Fla. 4th DCA opinion filed April 7, 1977); Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975); Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974).
The State attempts to avoid this rule by pointing out that other evidence was offered at the hearing concerning the burglary. But none of this evidence in any way connected Combs to the burglary. The rule requiring more than hearsay to establish a violation of probation requires other evidence of the defendant's misconduct, not just other evidence.
Since the only evidence that was offered to prove Combs violated his probation was the hearsay testimony of the police officer, the order revoking probation should be reversed.
REVERSED.
CROSS and ANSTEAD, JJ., concur.