352 So.2d 1267 (1977)
Joe Nathan BREWSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-508.
District Court of Appeal of Florida, Second District.
December 16, 1977.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant's probation supervisor filed an affidavit charging appellant with violating conditions (a) and (h) of his probation. At the hearing on the affidavit, the trial court found that appellant had violated condition (a) of his probation and revoked the probation. We affirm that revocation, but we agree with appellant that there are imperfections in the order revoking probation and in the subsequent sentence.
In the first place, owing to an apparent clerical error, the order revoking probation recites that appellant violated not only condition (a) but also condition (h). Since at the hearing the court only found that appellant had violated condition (a), it should now remove any reference to condition (h) from its order.
The present sentence fails to specify the amount of credit time as Section 921.161(1), Florida Statutes (1975) requires. Brooks v. State, 349 So.2d 794 (Fla. 2d DCA 1977). Moreover, the phrase "at hard labor" in the sentence is improper. Brooks v. State, supra.
We remand the case for the court to make the corrections which this opinion mandates. Appellant need not be present at that time.
HOBSON, A.C.J., and GRIMES and RYDER, JJ., concur.