366 So.2d 1229 (1979)
Terry Lee REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1621.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Jack O. Johnson, Public Defender, W.C. McLain, Asst. Public Defender, and David A. Davis, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
An affidavit and warrant were filed charging appellant with having violated his probation in three respects: (1) changing his approved residence without his supervisor's permission, (2) failing to submit the required monthly reports for June through October 1976, and (3) failing to pay court costs imposed as a condition of his probation. The only evidence offered was the testimony of appellant's probation officer, who was assigned to appellant following the dates of the alleged violations and who had no first-hand knowledge of the facts. He relied on the allegations of the affidavit and the written report of appellant's previous probation officer, further noting that he had a certified copy of a judgment and sentence received by appellant for a motor vehicle theft in Georgia.
All of the evidence introduced against appellant was hearsay.[1] While hearsay is admissible in revocation proceedings, probation may not be revoked solely on the basis *1230 of hearsay. Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977).
Accordingly, the order revoking appellant's probation and the judgment and sentence entered against him are reversed and the cause remanded with instructions to reinstate appellant's probation.[2]
GRIMES, C.J., and SCHEB and OTT, JJ., concur.
NOTES
[1] While evidence of a criminal conviction subsequent to placement of a defendant on probation is a sufficient basis upon which to revoke probation, the evidence concerning appellant's Georgia conviction was unavailing at the instant revocation hearing for two reasons: (1) It was not one of the violations charged in the affidavit or warrant, and (2) a certified copy of the judgment and sentence was not introduced into evidence at the hearing.
[2] This reversal does not, of course, bar a second revocation hearing based on the filing of a new affidavit alleging the same violations, Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975); White v. State, 301 So.2d 464 (Fla. 1st DCA 1974); Hampton v. State, 276 So.2d 497 (Fla. 3d DCA 1973), or the initiation of new revocation proceedings based on appellant's Georgia conviction.