388 So.2d 639 (1980)
Peter James CLEMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-606.
District Court of Appeal of Florida, Second District.
September 26, 1980.
*640 Jack O. Johnson, Public Defender, Bartow, and Judith L. James, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant's probation supervisor filed an affidavit charging appellant with violating conditions 1, 2, 3 and 9 of his probation. At the hearing on the affidavit the court revoked appellant's probation for violating conditions 1 and 3, but declined to find that he had violated conditions 2 and 9. Because the order revoking probation recites that appellant violated not only conditions 1 and 3 but also conditions 2 and 9, the court must correct the order by removing any reference to violations of conditions 2 and 9. Brouilett v. State, 373 So.2d 449 (Fla. 2d DCA 1979); Brewster v. State, 352 So.2d 1267 (Fla. 2d DCA 1977).
The only evidence introduced covering appellant's alleged violation of condition 3 (termination of employment without permission of supervisor) was the hearsay testimony of the probation supervisor about what appellant's employer had said in a telephone conversation. It is well established that although hearsay evidence is admissible during a probation revocation hearing, a court may not base the revocation of probation solely on hearsay. Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977). We believe it follows from this that a finding of a violation of a separate condition of probation cannot be based entirely upon hearsay. Hence the alleged violation of condition 3 also cannot serve as a basis for revocation.
While there was competent evidence at the revocation hearing that appellant had violated condition 1 (failure to file monthly reports), we are uncertain whether the trial court would have revoked probation and imposed the sentence it did solely on that ground. Accordingly, we reverse the order of revocation and remand the cause to permit the court to consider whether the violation of condition 1 warrants revocation. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979); Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). In this connection, we note that since reversal of an order of revocation of probation on the ground that it was based solely on hearsay does not bar a second revocation hearing based on another affidavit alleging the same violation, the state may seek a second hearing on revocation based upon violation of condition 3. Tuff v. State; Hampton v. State, 276 So.2d 497 (Fla. 3d DCA 1973).
REVERSED AND REMANDED.
SCHEB, C.J., and CAMPBELL, J., concur.