SCHWARTZ, Judge.
Scott’s probation was revoked on the ground that he had given false information to Lois Mack, his probation officer, concerning the place of his residence and the identity of his employer. Mack was the sole witness against the appellant at the revocation hearing. Concerning the alleged violations, she testified only to the hearsay statements of a woman at the home address supplied by Scott that he did not live there and a representative of his designated employer that he had never worked there. It is well established, however, that a probation violation may not be based exclusively on hearsay evidence. Clemons v. State, 388 So.2d 639, 640 (Fla.2d DCA 1980) (only evidence of probationer’s terminating employment without permission was “the hearsay testimony of the probation supervisor about what appellant’s employer had said in a telephone conversation;” finding of violation on that ground reversed); Reeves v. State, 366 So.2d 1229 (Fla.2d DCA 1979) (hearsay testimony of probation officer insufficient); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977) (hearsay testimony of police officer insufficient); Wheeler v. State, 344 So.2d 630 (Fla.2d DCA 1977); Hampton v. State, 276 So.2d 497 (Fla.3d DCA 1973). Since that was the case here, the order of revocation and consequent adjudication and sentence are reversed and the appellant is ordered restored to probation.
Reversed.