422 So.2d 83 (1982)
Anthony J. CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-325.
District Court of Appeal of Florida, Second District.
November 19, 1982.
Jerry Hill, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Clayton appeals from the revocation of his probation. We reverse.
*84 The state originally charged appellant with dealing in stolen property. Appellant pled nolo contendere, and the court placed him on three years probation. Within that period, the state filed an affidavit and warrant alleging appellant violated the probation condition proscribing "violating any law," as evidenced by his arrest for burglary.
At the hearing on revocation, the state elicited testimony from two police officers who investigated the burglary and arrested appellant. The state, however, failed to produce the testimony of the witness to the burglary who identified appellant or the owner of the burglarized premises. Thus, the only evidence adduced at the hearing below that there was a burglary or that appellant allegedly committed it was the out-of-court statements of the witnesses which were given to the court through the testimony of the police officers. Although hearsay evidence is admissible during a probation revocation hearing, we hold that the revocation of probation below was improper in that it was based solely on this hearsay testimony. Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977).
Accordingly, we REVERSE the order of revocation. We note further that this reversal does not bar a second revocation hearing based on another affidavit alleging the same violation. Clemons v. State, supra.
CAMPBELL and SCHOONOVER, JJ., concur.