426 So.2d 1180 (1983)
George R. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-305.
District Court of Appeal of Florida, Fifth District.
February 9, 1983.
James B. Gibson, Public Defender, and Michael B. Jones, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, George Renick Walker, has appealed from the revocation of his probation, the result of a hearing held on February 11, 1982. The hearing stemmed from an affidavit of violation of probation filed on August 19, 1981, by Walker's probation officer, alleging that he had violated Condition 5 of his probation by committing burglary of a service station. Condition 5 reads:
You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
At the probation violation hearing the principal testimony against Walker came from Detective Robert Burns, who investigated the burglary. On August 11, 1981, he questioned Gary Ray Walker, the appellant's brother, regarding the incident. The defense objected to the state eliciting testimony from Burns that Gary Walker confessed and the contents of the confession on the grounds that it was hearsay and involved an involuntary confession. The trial court overruled the objection. Burns then testified that Gary had told him that the Walker brothers and a friend were returning home from a party when they decided to break into the service station. Using a crowbar or tire iron, they pried the hinges off the walk-in cooler attached to the station and removed two beer kegs therefrom, after which they left the area.
The other testimony against the appellant adduced at the hearing was as follows: he was seen walking in front of the station several hours after the break-in had been discovered, and his purported destination was confused and indefinite. The court found that the probation violation was proved by substantial and competent evidence, *1181 and revoked Walker's probation, remanding him to the Department of Corrections to serve the balance of his sentence. This appeal from the order of revocation ensued.
Hearsay evidence alone cannot support an order revoking probation. Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980). The state argues that Burns's testimony as to the confession of Gary Walker, implicating the appellant, is a hearsay exception under section 90.804(2)(c), Florida Statutes (1982), on the basis that it constitutes a statement against interest, and therefore it alone could justify the order of revocation. This argument, however, lacks merit in light of the last sentence of that provision, which reads:
A statement or confession which is offered against the accused in a criminal action, and which is made by a codefendant or other person implicating both himself and the accused, is not within this exception. [Emphasis added.]
The remaining evidence against Walker is circumstantial. The instant case is similar to Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). Combs involved an appeal from an order revoking probation upon a finding that appellant had participated in a burglary. Combs argued that the evidence of his participation in the burglary was hearsay testimony by a police officer that another participant in the burglary had implicated Combs. The state argued that other evidence was offered at the hearing concerning the burglary, but the Fourth District emphasized that none of the other evidence in any way connected Combs to the burglary. The court reversed the order revoking appellant's probation. We find Combs to be directly on point with the instant case and, accordingly, we reverse the order revoking the appellant's probation.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.