BOARDMAN, Acting Chief Judge.
Appellant Flolirla M. Robinson contends that the trial court erred in revoking her probation solely on the basis of hearsay evidence. We agree and reverse.
Appellant, who was on four years probation for aggravated child abuse, was charged with violating condition five of her probation by physically abusing her daughter, Sharika McSwain. The state presented the following evidence at appellant’s ensuing revocation hearing.
Deputy Michael Marino testified that he observed bruises on Sharika MeSwain’s chin, chest, and left leg after he was dispatched to appellant’s apartment to investigate an anonymous tip concerning child abuse. The officer also identified photographs depicting the extent of the child’s injuries. According to Marino, both appellant and Sharika independently advised him that these injuries had. been sustained during a fall down a flight of stairs.
Seven-year-old Sharika McSwain, who was called as the state’s second witness, was unable to recall any aspect of either the incident or its investigation.
Detective Terry Ann Bacon, the state’s third witness, testified that she interviewed Sharika at a shelter for abused children five days after the incident. At that time, Sharika told Bacon that appellant had struck her with a belt several times on the day before Marino’s visit as a sanction for misbehavior. According to the detective, Sharika also revealed that appellant had instructed her to tell Deputy Marino that she had fallen down the stairs.
At the hearing, appellant again stated that her daughter had been injured during a fall.
It is well-established that while hearsay evidence is admissible in a probation revocation proceeding, a defendant’s probation cannot be revoked solely on the basis of such evidence. Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1980); Combs v. State, 361 So.2d 1103 (Fla. 4th DCA 1977). As the Fourth District stated in Combs, “The rule requiring more than hearsay to establish a violation of probation requires other evidence of the defendant’s misconduct, not just other evidence.” 351 So.2d at 1103.
In the instant case, only the hearsay testimony of Terry Ann Bacon connected appellant with the alleged probation violation. Neither Deputy Marino’s testimony nor the photographic evidence of Sharika’s injuries established appellant’s guilt of any misconduct. Accordingly, we reverse the order of revocation and subsequent adjudication and sentence and remand with instructions to reinstate appellant’s probation.
REVERSED and REMANDED.
GRIMES and DANAHY, JJ„ concur.