464 So.2d 670 (1985)
Tommy Lee McCRARY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2030.
District Court of Appeal of Florida, Second District.
March 6, 1985.
*671 James Marion Moorman, Public Defender, Bartow, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, EDWARD F., (Ret.) Judge.
Appellant Tommy Lee McCrary challenges the trial court's order revoking his probation after finding that he had violated conditions two and eight of his probation by failing to pay the monthly cost of his supervision and failing to comply with his probation officer's instructions. McCrary contends that the trial court erred in rendering its order of revocation when the state presented no evidence concerning his ability to comply with a financial condition of probation and when only hearsay evidence established his noncompliance with his probation officer's instructions. We agree with both contentions and reverse.
The affidavit of violation filed against McCrary charged that he failed to contribute $10 each month toward the cost of his supervision for a seven-month period and, thus, was $70 in arrears on this obligation as of January 5, 1978. The affidavit further alleged that appellant failed to comply with his probation officer's instruction to report to the offender rehabilitation office in North Fort Myers by January 6, 1978, instead remaining at large with his whereabouts unknown until apprehended on June 6, 1984.
The state concedes that it presented no evidence concerning appellant's financial ability to pay his costs of supervision, notwithstanding this court's holding in Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). In Coxon, this court determined that "probation cannot be revoked solely for violation of conditions requiring payment without evidence that the probationer is able to make payment." 365 So.2d at 1068. Accord Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). The state attempts to excuse its failure to present the requisite proof, however, by arguing that appellant's flight prevented it from establishing his economic status during his months of hiding. Thus, according to the state, it should not be penalized for its inability to prove facts shielded from its knowledge as a result of appellant's wrongful conduct. We find this argument particularly unpersuasive in light of the charging instrument's allegation and the state's evidence establishing that McCrary failed to pay the cost of his supervision for seven months prior to the date of his alleged flight. Thus, it appears clear that appellant's conduct did not hamper or defeat the state's ability to demonstrate his financial status during the period in question. Consequently, we deem the state's evidence insufficient to establish appellant's violation of condition two.
Similarly, we find the state's evidence inadequate to demonstrate appellant's alleged noncompliance with his probation officer's instructions, in contravention of condition eight. On this point, McCrary's probation officer, J.D. Davis, testified that he instructed appellant to report to the offender rehabilitation center in Fort Myers by January 6, 1978. Personnel in the Fort Myers office later informed Davis that appellant had failed to report. On cross-examination, Davis conceded, however, that he had no personal knowledge concerning McCrary's noncompliance with his instruction. Furthermore, the state presented no additional evidence establishing appellant's alleged misconduct.
While hearsay evidence is admissible in a probation revocation proceeding, a defendant's probation cannot be revoked solely on the basis of such evidence. Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). Conversely, as the Fourth District observed in *672 Combs, "The rule requiring more than hearsay to establish a violation of probation requires other evidence of the defendant's misconduct, not just other evidence." 351 So.2d at 1103. In the instant case, however, only the hearsay testimony of J.D. Davis connected appellant with the charged violation.
Having concluded that the state failed to present sufficient, competent evidence establishing appellant's alleged probation violations, we reverse the order of revocation and the subsequent adjudication and sentence rendered on the underlying offenses and remand with instructions to reinstate appellant's probation.
Reversed and Remanded.
DANAHY, A.C.J., and FRANK, J., concur.