SCHOONOVER, Judge.
The appellant, Leroy Frazier, appeals a judgment and sentence entered after he was found guilty of violating the terms and conditions of his probation. We find that the trial court did not have jurisdiction to revoke appellant’s probation and, accordingly, reverse.
On February 4, 1980, the trial court placed appellant on probation for a period of thirty months after appellant pled guilty to a charge of aggravated battery. The record on appeal reflects two subsequent orders modifying appellant’s probation. The first order, entered in July of 1982, extended appellant’s probation until February 3, 1985. The second order, dated February 28, 1985, required appellant to serve a total of five years probation.
On August 21, 1985, appellant’s probation officer executed an affidavit alleging that appellant had violated his probation. On August 29, 1985, a warrant was issued charging appellant with violating the conditions of his probation. Prior to the probation revocation hearing, which was held on August 29, 1986, an amended affidavit was filed alleging an additional ground for revocation. At the conclusion of the hearing, the court found that appellant had violated the conditions of his probation. The trial court revoked appellant’s probation, adjudicated him guilty of the underlying offense of aggravated battery, and sentenced him to fifteen years imprisonment. This appeal timely followed.
We agree with appellant’s contention that his probation had expired prior to the state’s attempt to revoke it and that, therefore, the court did not have jurisdiction to proceed.
A trial court lacks jurisdiction to revoke probation for violations which occur during the probationary period unless the revocation process is set in motion during the probationary period. Gardner v. *647 State, 412 So.2d 10 (Fla. 2d DCA 1981); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982); Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). According to the record on appeal, appellant’s probation had expired on February 3, 1985, before the second modification order was signed and more than six months before any action was commenced to revoke appellant’s probation. The trial court, therefore, did not have jurisdiction to revoke appellant’s probation. We, accordingly, reverse and remand with instructions to discharge the appellant on this charge.
Reversed and remanded.
SCHEB, A.C.J., and THREADGILL, J., concur.