THREADGILL, Judge.
Appellant contends that the trial court erred in revoking his probation on grounds he was drinking beer as he was never prohibited from drinking alcoholic beverages as a condition of his probation. We agree and reverse.
Appellant was placed on probation for five years for auto theft. At the sentencing hearing, the trial court recited that appellant was to be evaluated for alcohol and drug abuse and that the probation order was to “contain the normal standard drug and alcohol clauses.” However, nothing in the record indicates that the court or the probation officer explained those clauses to appellant. Appellant was subsequently charged with violating his probation by consuming beer two days after being placed on probation.
To justify revocation of probation, the violation must be willful and substantial and supported by the greater weight of the evidence. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988); Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988). The evidence before this court clearly shows that appellant was never informed of this *675 condition of probation by the sentencing judge or by the probation officer prior to the violation. The state therefore failed to prove that a willful violation of probation had occurred.
Accordingly, we reverse appellant’s conviction and sentence and remand with directions to reinstate appellant’s probation.
REVERSED AND REMANDED.
CAMPBELL, C.J., and PARKER, J., concur.