553 So.2d 1373 (1989)
Thomas E. McCARRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00531.
District Court of Appeal of Florida, Second District.
December 22, 1989.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Thomas McCarrick, contends the trial court erred in revoking his probation solely on the basis of hearsay evidence. We agree and reverse.
*1374 McCarrick was placed on five years' probation for escape. Later, the state charged him with violations for not filing written reports, not paying costs, and not informing his probation officer after he moved and changed employment. At the revocation hearing, Patricia Steele, McCarrick's new probation officer, testified that she had never met McCarrick and had no personal knowledge of his case. Over numerous defense objections, Steele read the charged violations from the affidavit prepared by the former probation officer and identified the probation order signed by McCarrick which stated that he knew his responsibilities.
McCarrick testified that he made his monthly reports and payments until instructed not to. He moved and changed employment with his former probation officer's knowledge and consent. The trial judge revoked McCarrick's probation and sentenced him to one year community control.
In a probation revocation hearing, the trial judge is not required to follow the strict rules of evidence and can consider affidavits and other documents which are relevant, even though such may not be admissible in a criminal trial. Wheeler v. State, 344 So.2d 630 (Fla.2d DCA 1977). However, to justify revocation the court must be satisfied the violation was willful and substantial and was supported by the greater weight of the evidence. Singletary v. State, 537 So.2d 674 (Fla.2d DCA 1989); Hightower v. State, 529 So.2d 726 (Fla.2d DCA 1988).
The probation officer who testified admitted she did not know McCarrick nor have any personal knowledge of his case. McCarrick's uncontroverted testimony denied any violations. The only evidence the state presented to support the alleged violations was the affidavit of violation of probation, which was the charging instrument, and the probation order. Although these documents may have been admissible hearsay, a question not reached here, revocation was improper absent nonhearsay evidence. McCrary v. State, 464 So.2d 670 (Fla.2d DCA 1985).
Reversal of an order revoking probation on the ground that it was based solely on hearsay does not ordinarily bar a second revocation hearing based on the filing of another affidavit alleging the same violation. Tuff v. State, 338 So.2d 1335 (Fla.2d DCA 1976). Here, however, it appears McCarrick has served the period of community control. If so, the trial court has no further jurisdiction to revoke probation or community control. Frazier v. State, 510 So.2d 646 (Fla.2d DCA 1987).
Accordingly, we reverse the revocation of McCarrick's probation.
SCHOONOVER and THREADGILL, JJ., concur.