PER CURIAM.
Francisco Lira appeals an order of revocation of community control. The trial court revoked defendant’s community control after finding three separate violations. Defendant concedes that two of the three grounds were valid and that the revocation was proper. He contends, however, that the finding that he committed aggravated battery was supported solely by hearsay testimony and must be stricken from the order of revocation. We agree.
At the probation revocation hearing the only testimony which connected the defendant to the battery of the victim was the hearsay testimony of the probation officer and the police officer. While hearsay evidence is admissible in probation or community control revocation proceedings, it is impermissible to find a violation where the only evidence connecting the defendant to the crime is hearsay. Davis v. State, 510 So.2d 1247 (Fla. 1st DCA 1987); Walker v. State, 426 So.2d 1180, 1181 (Fla. 5th DCA 1983); Clayton v. State, 422 So.2d 83, 84 (Fla. 2d DCA 1982); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977); see also Scott v. State, 406 So.2d 100, 101 (Fla. 3d DCA 1981).
Because the order of revocation of community control is supported by two valid grounds, the order is affirmed, but the cause is remanded with directions to strike the finding that the defendant committed the crime of aggravated battery.
Order affirmed; remanded with directions.