RYDER, Acting Chief Judge.
Vincent John Cason attacks the trial court’s order revoking his community control sentence imposed for convictions of grand theft and issuing a worthless check. He contends, and we agree, that the evidence presented at the revocation hearing was insufficient to support the trial court’s order of revocation.
The affidavit of violation alleged that the appellant had failed to report to the Department of Corrections within 72 hours of his release from custody. At the revocation hearing, Cason was not placed under oath and, although his probation officer was present, he did not testify. The only nonhearsay evidence was appellant’s own unsworn testimony. The record of the earlier sentencing hearing supports appellant’s statements during the revocation hearing that he was not told to report to the Lee County Probation Office and that the judge told him that he may transfer the case to Dade County.
“[T]o justify revocation the court must be satisfied the violation was willful and substantial and was supported by the greater weight of the evidence.” McCarrick v. State, 553 So.2d 1373, 1374 (Fla. 2d DCA 1989). “While hearsay evidence is admissible in a probation revocation proceeding, a defendant’s probation cannot be revoked solely on the basis of such evidence.” McCrary v. State, 464 So.2d 670, 671 (Fla. 2d DCA 1985).
The only nonhearsay evidence here was appellant’s own unsworn testimony. The evidence before this court falls short of proving by a preponderance of the evidence that appellant willfully failed to report to his probation officer. We therefore conclude that revocation was improper. Upon remand, the state should be given the opportunity to present testimony to support the factual allegations of the affidavit. See McCarrick, 553 So.2d at 1374.
Reversed and remanded.
PARKER and BLUE, JJ., concur.