675 So.2d 192 (1996)
E.C., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1039.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
Rehearing Denied July 8, 1996.
*193 Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
E.C., a minor, appeals the revocation of his suspended commitment, claiming the trial court erred by basing the revocation solely on hearsay evidence. We agree and reverse.
E.C. had been adjudicated delinquent for battery, disorderly conduct and interfering with the lawful administration of an educational institution. As a result, E.C. was ordered committed to the custody of HRS, to complete 100 hours of community service, and to attend school without any unexcused absences, suspensions or improper conduct. The trial court, however, suspended that commitment.
On February 16, 1995, E.C.'s case manager, Michelle Keeling, filed a petition alleging E.C. violated a condition of his suspended commitment by being suspended from school. A revocation hearing was held at which Ms. Keeling testified for the state. Ms. Keeling stated that she had visited E.C.'s school to check his progress. While there, she was told that E.C. was having disciplinary problems that eventually led to his suspension. Ms. Keeling then produced school documents that verified the suspensions. E.C. objected to the production of those documents, claiming a hearsay violation. The court overruled the objection and admitted the documents. At the close of the evidence, the court revoked his suspended commitment based on his disciplinary problems and suspension from school, and sentenced him to a level six HRS program.
This court has consistently reversed the revocation of probations based solely on hearsay testimony. Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). While hearsay is admissible in revocation proceedings, proof of a violation must be supported by competent, non-hearsay evidence. Arnold at 1357. Additionally, we have held that a probation cannot be revoked solely on the basis of hearsay evidence. Combs, supra.
At bar, the record reveals the state failed to produce any non-hearsay evidence to prove a violation of E.C.'s suspended commitment. Ms. Keeling testified that she was told E.C. was suspended and introduced the school records for support. Ms. Keeling's oral statements as to what she was told were clearly hearsay under section 90.802, Florida Statutes (1995). Additionally, the record does not show that the introduction of the school records was done in accordance with section 90.803, Florida Statutes (1995). A school official who either had personal knowledge of E.C.'s suspension, or who was a custodian of the records who could qualify them as a business record, in accordance with section 90.803(6), should have testified. We therefore find the state failed to introduce *194 non-hearsay evidence sufficient to prove E.C. violated his suspended commitment.
REVERSED.
SHAHOOD, J., and SPEISER, MARK A., Associate Judge, concur.