PER CURIAM.
The defendant appeals the revocation of his probation. He contends, and the state concedes, that the evidence presented was insufficient to establish that his probation violations were willful. We agree and reverse.
The state has the burden of proving by a preponderance of the evidence that probation violations are willful. Love v. State, 606 So.2d 755 (Fla. 2d DCA 1992). However, in this case, the state failed to call the defendant’s probation officer or introduce any evidence to satisfy this burden. The only evidence presented was the defendant’s sworn testimony that he did not intentionally violate his probation. Because the greater weight of the evidence does not support a finding that the defendant’s actions were willful, we believe that the trial court abused its discretion in revoking the defendant’s probation. See, e.g., Cason v. State, 623 So.2d 824 (Fla. 2d DCA 1993); Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982).
Accordingly, we reverse the order of revocation and remand for reinstatement of probation.
Reversed and remanded.
FRANK, A.C.J., and PARKER and FULMER, JJ., concur.