PER CURIAM.
Sonia Gomez appeals the final order revoking her probation in this aggravated child abuse ease. We reverse because the record fails to support the trial court’s findings that Gomez violated the conditions of her probation.
In 1993, Gomez pleaded guilty to aggravated child abuse pursuant to a negotiated plea agreement. The trial court placed her on two years of community control, followed by five years of probation. She successfully completed her community control. Among the conditions of probation were the following requirements:
(5) You will live and remain at liberty without violating the law. A conviction in a court of law shall not be necessary in order for such a violation to constitute violation of your probation.
[[Image here]]
(8) You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability as directed by your officer.
In 1996, the Florida Department of Corrections filed an affidavit of violation of probation alleging that Gomez had violated condition (5), by being arrested for contempt of court for failure to make child support payments and by committing an act of aggravated child abuse by breaking the right arm of her child, and condition (8) for failure to make child support payments. Following an evidentiary hearing, the court determined that Gomez was guilty of violating her probation as alleged in the affidavit of violation of probation and sentenced her to four and one-half years in prison.
Our review of the record reflects that there was insufficient evidence for the trial court to find Gomez guilty of violating her probation for failure to pay child support. We note that an arrest alone is not a sufficient basis to support a violation of probation. See Brown v. State, 338 So.2d 573 (Fla. 2d DCA 1976). Further, the trial court erred by determining that any evidence regarding her ability to work and her ability to pay was irrelevant. See Manies v. State, 621 So.2d 679, 679 (Fla. 2d DCA 1993) (error to revoke probation for failure to pay costs without proof that defendant had the ability to pay). Gomez’s attorney tried on several occasions to bring in evidence regarding her ability to work and pay child support. A medical expert was able to testify that taking care of the victim was a full-time job because of the child’s other medical problems. Gomez’s father testified that Gomez was unable to pay her child support obligations due to her need to care for the child. The record supports Gomez’s contention that she was unable to maintain a job which affected her ability to pay child support. Accordingly, the trial court erred by not considering her ability to work and her ability to pay child support.
The court also erred by finding that Gomez committed an act of aggravated child abuse by breaking the victim’s arm. The evidence presented at the hearing did not support that allegation. There is no direct evidence that supports that Gomez caused the injury to the victim. All of the evidence was hearsay. This court in Robinson v. State, 445 So.2d 1135, 1135 (Fla. 2d DCA 1984), noted that it is error to revoke a defendant’s probation solely on the basis of hearsay evidence. Furthermore, the hearsay evidence presented in this case pointed to the husband as the one who abused the child. The police officer testified that the husband confessed that he became angry with the child while trying to dress him and that he shook the child by the arms and legs. The physician testified that the injuries were more likely than not caused by shaking of the *1207 limbs. Although it was wrong for Gomez to try and cover for her husband once she discovered that her son had been injured, there is no evidence that even suggests that she committed the abuse, which was the charge filed against her in the affidavit of violation of probation.
Reversed and remanded to the trial court.
PARKER, C.J., and CAMPBELL and QUINCE, JJ., Concur'.