842 So.2d 237 (2003)
Herbert WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3581.
District Court of Appeal of Florida, Second District.
April 9, 2003.
*238 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Herbert Wilson seeks review of the trial court's order revoking his community control for leaving the Avon Park drug treatment center without permission before his treatment was completed. Wilson argues that the trial court erred in revoking his community control based solely on inadmissible hearsay evidence. We agree and reverse.
It is well-settled that a trial court may not base its finding that a defendant violated his community control solely on inadmissible hearsay evidence. Grimsley v. State, 830 So.2d 118, 119-20 (Fla. 2d DCA 2002); Gammon v. State, 778 So.2d 390, 391 (Fla. 2d DCA 2001); Clemons v. State, 388 So.2d 639, 640 (Fla. 2d DCA 1980). In this case, the following evidence supported the trial court's finding that Wilson violated his community control by absconding from Avon Park: (1) testimony of Wilson's community control officer that Wilson had not completed the program at Avon Park; (2) testimony of a former community control officer that she was informed that Wilson had absconded from Avon Park; and (3) testimony of Avon Park's records custodian that Avon Park's records indicated that Wilson had left Avon Park against medical advice. However, none of this testimony was based on personal knowledge; the witnesses all relied on information either supplied by other persons who were not called to testify or by documents that were not entered in evidence. Accordingly, the evidence was inadmissible hearsay, see § 90.801, Fla. Stat. (2002), and the trial court erred in revoking Wilson's community control based solely on that testimony.
We therefore reverse the order of violation of community control. We note that the State is not precluded from attempting to prove another violation based on the same circumstances on remand as long as the period of community control has not expired. See Chavous v. State, 597 So.2d 943, 944 (Fla. 2d DCA 1992); McCarrick v. State, 553 So.2d 1373, 1374 (Fla. 2d DCA 1989).
Reversed and remanded.
SILBERMAN and CANADY, JJ., Concur.