891 So.2d 1217 (2005)
Lisa KEITH-SCHRADER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1842.
District Court of Appeal of Florida, Second District.
February 4, 2005.
James Marion Moorman, Public Defender, and Deana K. Marshall, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Lisa Keith-Schrader appeals from the judgment and sentence entered following *1218 the revocation of her probation, contending that the circuit court erred in revoking her probation based upon evidence consisting entirely of hearsay. We agree and reverse.
At the outset, we note that the written revocation order recites violations of conditions 1, 3, 5, and 27, but the court orally referred only to conditions 1 and 27. Because the oral pronouncement controls over the written, see Cockrell v. State, 823 So.2d 322 (Fla. 2d DCA 2002); Narvaez v. State, 674 So.2d 868 (Fla. 2d DCA 1996), we will consider only the allegations and proof relating to conditions 1 and 27, requiring the filing of monthly reports and the performance of community service hours.
At the March 2004 hearing, the State presented the testimony of the defendant's current probation officer, Mr. Bingham, who had never actually seen the defendant until the date of the hearing. Mr. Bingham testified that the last date on which Ms. Keith-Schrader submitted a monthly report was June 6, 2003. As to community service hours, he stated that she was ordered to complete fifty hours but there was no record of her doing so. None of Mr. Bingham's testimony was based upon his personal knowledge, and he obviously relied upon records that the State had not entered into evidence or attempted to qualify as business records.
Condition 1 required the defendant "to make a full and truthful report to [her] officer on the form provided for that purpose as instructed by [her] officer." Without admissible evidence that the defendant was actually instructed concerning the report, a predicate for finding a violation is missing. Furthermore, because the condition requires reporting on a form, the State needed to demonstrate that those forms were missing from her probation file, which would require admission of the records under the business records exception. The same is true of Ms. Keith-Schrader's alleged failure to perform community service. Defense counsel preserved this issue by moving to dismiss the affidavit of violation on the ground that the officer's testimony was based entirely on hearsay.
"[H]earsay cannot form the exclusive foundation for a revocation order." Gammon v. State, 778 So.2d 390, 391 (Fla. 2d DCA 2001); see also Grimsley v. State, 830 So.2d 118, 119-20 (Fla. 2d DCA 2002). As in Wilson v. State, 842 So.2d 237, 238 (Fla. 2d DCA 2003), none of the probation officer's testimony was based on his personal knowledge. He "relied on information either supplied by other persons who were not called to testify or by documents that were not entered in evidence." Id. Therefore, the court erred in revoking Ms. Keith-Schrader's probation.
Accordingly, we reverse the revocation order as well as the judgment and sentence entered pursuant to that order, and we remand for reinstatement of Ms. Keith-Schrader to probation. We note, however, that "reversal of an order revoking probation on the ground that it was based solely on hearsay does not ordinarily bar a second violation hearing based on the filing of another affidavit alleging the same violation." Chavous v. State, 597 So.2d 943, 944 (Fla. 2d DCA 1992). The State is not precluded from again attempting to prove these violations before the expiration of Ms. Keith-Schrader's probationary term. See Wilson, 842 So.2d at 238; Grimsley, 830 So.2d at 120.
Reversed and remanded with instructions.
NORTHCUTT and SALCINES, JJ., Concur.