937 So.2d 746 (2006)
Tara Leigh SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-2859.
District Court of Appeal of Florida, Fourth District.
September 6, 2006.
Rehearing Denied October 10, 2006.
*747 Richard F. Della Fera of Entin & Della Fera, P.A., Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique L'Italien, Assistant Attorney General, West Palm Beach, for respondent.
GROSS, J.
The issue in this case is whether the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars a probation violation charge, after an identical charge was dismissed when the main witness failed to appear. We hold that double jeopardy protection does not apply to a probation violation hearing and deny the petition for writ of prohibition.
Petitioner Tara Scott was placed on 12 months probation on February 22, 2006. On April 18, 2006, the probation officer *748 filed an affidavit alleging that Scott violated her probation by committing a simple battery and resisting an officer without violence.
At the final violation of probation hearing on June 2, 2006, a police officer, who was the state's main witness to the underlying offenses, failed to appear. The state presented no evidence. No testimony was taken from any witness. Scott's attorney moved for dismissal. The court granted the motion and, pursuant to section 948.06(1)(g), Florida Statutes (2005), continued Scott on probation "as previously imposed."
On June 5, 2006, the probation officer filed a second violation of probation affidavit founded on the identical conduct that formed the basis for the April 18 affidavit. The court set a final violation of probation hearing on July 28, 2006. Scott moved to dismiss the second violation of probation affidavit, arguing that the new affidavit violated the prohibition against double jeopardy. The circuit court denied the motion.
In her petition, Scott argues that the pending violation of probation charge is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. A writ of prohibition is the proper remedy to prevent a prosecution that is barred by double jeopardy principles. See Jackson v. State, 855 So.2d 178 (Fla. 4th DCA 2003).
The Double Jeopardy Clause does not bar a second probation violation proceeding for the same alleged violation, wherein the subject of the earlier proceeding was dismissed by the court without any testimony being taken or evidence offered. As the United States Seventh Circuit has explained:
Probation revocation hearings are not a part of the criminal prosecution which results in imposition of the probationary period. Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). A probationer or parolee facing revocation is not entitled therefore to the full panoply of constitutional and statutory rights due a defendant facing a criminal prosecution. Id. at 489, 92 S.Ct. at 2604. See also Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973) (extending due process rights recognized in Morrissey to probationers). In Morrissey v. Brewer, the Court held that the conditional liberty of a parolee is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. 408 U.S. at 480, 92 S.Ct. at 2600. In Morrissey, the Court outlined the minimum due process rights to which parolees are entitled: the right to notice, limited discovery, opportunity to be present and to offer evidence, confrontation, a neutral and detached hearing body and a written statement of the reasons for the revocation. 408 U.S. at 489, 92 S.Ct. at 2604.
Thompson v. Reivitz, 746 F.2d 397, 399 (7th Cir.1983), cert. den., 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985). Thompson declined to extend the due process protections of Morrissey to include "a double jeopardy bar" in a situation similar to the one presented in this case. Id. at 400; accord United States v. Whitney, 649 F.2d 296, 298 (5th Cir.1981); see also Duke v. State, 2 S.W.3d 512, 515-16 (Tex.Crim. App.1999) (holding that double jeopardy does not apply in a probation revocation hearing, which results in "neither a conviction nor an acquittal," but in "a finding on which the trial court can then exercise its discretion by revoking or continuing probation"); People v. Tanner, 129 Cal. App.4th 223, 28 Cal.Rptr.3d 201, 212 (2005); Jonas v. Wainwright, 779 F.2d *749 1576, 1577 (11th Cir.1986) (stating that "double jeopardy clause does not apply to parole revocation proceedings").
The inapplicability of the Double Jeopardy Clause to a probation violation proceeding is demonstrated by the way the clause operates when insufficient evidence has been presented at a criminal trial, as opposed to a probation revocation hearing.
The general rule is that a defendant is not placed twice in jeopardy by being required to defend a second prosecution after successfully overturning a previous conviction because of trial error, or after a mistrial was properly declared. See, e.g., Burks v. United States, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) ("[R]eversal for trial error . . . does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant."). One exception to this rule is when a conviction is overturned for insufficient evidence,[1] which means "that the prosecution has failed to produce sufficient evidence to prove its case," Tibbs v. Florida, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); in such a case, the reversal on appeal is deemed to be equivalent to an acquittal. See, e.g., Bullington v. Missouri, 451 U.S. 430, 437, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). When a person is acquitted of a crime, the Double Jeopardy clause bars future prosecution based on the same offense; when an individual is convicted, he cannot be twice convicted and punished for the same crime. The Double Jeopardy Clause thus promotes finality, in cases where the defendant was either initially acquitted or convicted. See Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).
Unlike the reversal of a criminal conviction for insufficient evidence, the reversal of a violation of probation conviction for insufficient evidence does not "bar a second revocation hearing based on the filing of a new affidavit alleging the same violations." Reeves v. State, 366 So.2d 1229, 1230 n. 2 (Fla. 2d DCA 1979); see also Robbins v. State, 318 So.2d 472, 473 (Fla. 4th DCA 1975). Double jeopardy protection does not operate in violation of probation proceedings.
The state relies on State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983), a case that supports the conclusion we reach in this case. Jones held that a court's ruling that a defendant had not violated probation by committing an aggravated battery did not bar a prosecution of the defendant on the same aggravated battery charges. Id. That holding was based on the conclusion that the probation revocation hearing did not trigger double jeopardy protection; the defendant "was not placed in jeopardy in the probation revocation hearing." Id. at 179. The first district reasoned:
A probation revocation hearing is a sentencing function, not a trial. Jeopardy occurs when a person is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction, and a jury has been sworn and charged or the court begins to hear the evidence. Since appellee's probation revocation hearing concerned only her sentence for a prior offense, she may not *750 be said to have been put in jeopardy for the instant offense.
Id. at 179 n. 2 (internal citations omitted).
Our ruling in this case is based only on the grounds raised in the petition. We do not address any other theory that the defendant might raise to avoid prosecution under the second affidavit. We also note that this decision does not conflict with Gilliam v. State, 801 So.2d 996 (Fla. 4th DCA 2001), where the reference to "the Double Jeopardy Clauses" was dicta.
The petition for writ of prohibition is denied.
GUNTHER and STONE, JJ., concur.
NOTES
[1] If a reversal is based on the weight of the evidence, as opposed to the sufficiency of the evidence, the Double Jeopardy Clause does not bar a retrial since "[a] reversal on this ground, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict." Tibbs, 457 U.S. at 42, 102 S.Ct. 2211.