WARNER, J.
Mario Davis appeals the trial court’s order revoking his probation. Given the *608 lower burden of proof in violation of probation hearings, the trial court did not abuse its discretion in finding that Davis willfully and substantially violated his probation. We therefore affirm.
At the conclusion of the violation of probation hearing, the trial court found that Davis violated his probation by: 1) failing to report to the probation office as of June 2005, 2) violating the law by dealing in stolen property, and 3) violating the law by providing false verification of ownership to a pawn broker. On appeal, Davis contends that the state failed to prove these violations by a greater weight of the evidence.
The standard of review of a trial court’s revocation of probation is whether the court abused its discretion. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). A violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Id.
We conclude that there was sufficient circumstantial evidence of “guilty knowledge” to permit the trial court to find, by a greater weight of the evidence, that Davis dealt in stolen property and provided false verification of ownership to a pawn broker. However, we emphasize that our conclusion implies only that the state satisfied the lower standard of proof in probation violation hearings. See, e.g., State v. Jenkins, 762 So.2d 535, 536 (Fla. 4th DCA 2000) (“To meet its burden in a violation of probation proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense.”).
However, we agree with Davis that the state failed to prove that he violated his probation by failing to report to the probation office. While the probation officer made some passing statements regarding his inability to contact Davis, the probation officer’s testimony never actually established that Davis failed to file any required monthly reports. Thus, we remand this case to the trial court to strike the improper finding that Davis violated the condition of his probation requiring him to make monthly reports.
Because we affirm the trial court’s findings that Davis committed new violations of the law, which were more serious than the “failure to report” violation, there is no need for the trial court to reconsider the revocation of Davis’ probation. See, e.g., Baker v. State, 789 So.2d 410 (Fla. 4th DCA 2001). However, we direct the trial court to enter an amended order of revocation, deleting the reference to the violation for failure to report.

Affirmed and remanded.

GUNTHER and FARMER, JJ„ concur.