THOMAS, J.
We reverse the trial court’s order revoking Appellant’s probation based on Appellant’s failure to complete 10 community service hours per month. The original probation order stated only that Appellant was to “complete 100 hours of community service through Mothers Against Drunk Driving or a similar organization, approved by your probation officer.” Although the court later amended the order to add 50 additional hours, it imposed all previously ordered conditions.
A trial court commits fundamental error when it finds that a probationer has violated his or her probation based on a term not ordered by the court. See Lippman v. State, 633 So.2d 1061, 1064-65 (Fla.1994) (holding that revocation of probation for a term not originally ordered constituted violation of double jeopardy and fundamental error). While the court may delegate the normal supervision of probationary conditions to the probation officer, only the court may impose the terms and conditions of probation. Rowland v. State, 548 So.2d 812, 813 (Fla. 1st DCA 1989) (holding that probationary condition requiring appellant to “receive alcohol, drug and psychological evaluation and counseling as directed by your probation officer” permitted the probation officer to routinely supervise and monitor evaluation and counseling without unlawfully delegating to the probation officer the judicial responsibility of setting the terms and conditions of probation).
Here, the court never ordered Appellant to complete 10 community service hours per month, and it never delegated anything to her probation officer other than approval of the organization; therefore, we reverse the revocation of Appellant’s pro *1284 bation and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
BENTON and PADOVANO, JJ„ concur.