JACOBUS, J.
 

 Henry Oliver McKinnon appeals the judgment and sentence revoking and terminating his probation. He contends the lower court erred in finding a violation because there was insufficient evidence showing he violated condition two of his probation.
 
 [1]
 

 While serving three years’ probation, McKinnon was alleged to have violated
 
 *1189
 
 condition two of his probation by changing his residence without first obtaining his probation officer’s consent and condition eleven of his probation by failing to report immediately to probation after his release from prison. An amended affidavit of violation was filed alleging that McKinnon violated conditions three, four, and six of his probation by committing new law violations in Duval County.
 

 The evidence at the hearing supported the court’s finding that McKinnon violated conditions three, four, six, and eleven of his probation. However, there was insufficient evidence to support a finding that he violated condition two. Because there was sufficient evidence supporting the judgment and sentence revoking McKinnon’s probation, we affirm.
 
 See Davis v. State,
 
 945 So.2d 607 (Fla. 4th DCA 2006) (affirming order revoking probation where hearing evidence supported finding of new law violations, even though there was insufficient evidence he failed to report).
 

 At the hearing, the court orally announced McKinnon violated conditions two, three, four, six and eleven of his probation. The written order, however, only shows a finding that he violated conditions two and eleven. We therefore remand for correction of the order of revocation so that it conforms to the court’s oral pronouncement.
 
 See Nelson v. State,
 
 601 So.2d 1347 (Fla. 4th DCA 1992) (remanding for correction of revocation order where written order did not conform to oral pronouncement). We also direct the court to delete its finding that McKinnon violated condition two.
 

 AFFIRMED and REMANDED with Instructions.
 

 PALMER and LAWSON, JJ., concur.
 

 [1]
 

 . McKinnon also alleges the trial judge abandoned her role as an impartial trier of fact and law. We find this claim without merit and affirm without further comment.