DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER LAROSE MITCHELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-855

[May 15, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 502016CF011451AXXXMB.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal of an order revoking probation and imposing sentence, appellant contends that the court erred in finding a willful and substantial violation of various conditions, where the State failed to prove that she had the ability to comply with the conditions. She also argues that double jeopardy barred consideration of one violation because it had been the basis of a prior modification of probation. We agree that double jeopardy barred consideration of one violation. However, we conclude that the court did not err in finding that appellant had the ability to comply with the other conditions, but the State concedes that the order of violation contains two findings contrary to the oral findings of the court.

Appellant was adjudicated guilty of theft and placed on probation for one year. The order of probation included, among others, as conditions: 1) no possession or consumption of alcohol and drugs; 2) completion of required seventy-five hours of community service at a rate of no less than ten hours a month; 3) four hours of theft abatement class; and 4) payment of costs and fees of supervision.

In July 2017, appellant's probation officer randomly tested her for drugs, and she tested positive for marijuana. The officer recommended that, as a first-time offender, she enter the alternative sanctions program. She agreed. The Technical Violation Notification, which she signed, notified her that she was charged with violating condition seven of the order of probation by testing positive for marijuana. The probation officer recommended that she complete a substance abuse evaluation and follow any treatment recommendations. By signing the form, she also acknowledged the rights that she was giving up. The court approved her entry into the program through an order, which found a violation of probation based upon her positive marijuana test, and modified her probation by ordering her to complete the sanction of substance abuse evaluation.[1]

A month prior to the expiration of appellant's probationary term, the State filed an affidavit of violation alleging six violations:

> **Violation of Special Condition (1) of the Order of Probation**, by failing to undergo a drug/alcohol evaluation, and as grounds for belief that the offender violated her probation, Officer Laura Fagley states that on September 5, 2017, the offender was instructed to attend the evaluation at DAF, and as of December 11, 2017 the offender has not attended the evaluation, as told to Officer Laura Fagley by Diana Ebersol of DAF on December 8, 2017.

> **Violation of Condition (2) of the Order of Probation**, by failing to pay the State of Florida the amount of $50.00 per month toward cost of supervision . . . .

> **Violation of Condition (7) of the Order of Probation**, by using intoxicants to excess or possessing any drugs or narcotics, unless prescribed by a physician, and as ground for belief that the offender violated her probation, Officer Laura Fagley states that on or about June 14, 2017, the offender was in possession of a drug or narcotic not prescribed by a physician, to-wit: marijuana as shown by analysis of a urine sample obtained from the offender on July 5, 2017, and confirmed by the offender's admission on July 5, 2017.

[1] The Notice and Acceptance of the Alternative Sanction was not included in the record, even though it was clearly referred to at the hearing on the violation. This court ordered that the State file the form, and counsel did file a copy of the form, showing that it had been filed with the Clerk's office.

**Violation of Condition (8) of the Order of Probation**, by failing to successfully complete 75 hours of community service, at a rate of 10 hours per month . . . .

**Violation of Condition (10) of the Order of Probation**, by failing to make court costs payments to the probation officer as directed in accordance with the payment instructions of the court . . . .

**Violation of Special Condition (28) of the Order of Probation**, by failing to successfully complete a Theft Abatement Program and as grounds or belief that the offender violated her probation, Officer Laura Fagley states that the offender was instructed to attend the Theft Abatement Program at PRIDE, on March 16, 2017, and as of December 8, 2017, the offender has failed to attend the program, as told to Officer Laura Fagley by Sandra Rizo of PRIDE on December 11, 2017.

The court held a final VOP hearing. A case manager for the Drug Abuse Foundation, the entity responsible for substance abuse evaluations, testified that appellant had an appointment for a substance abuse evaluation scheduled at the DAF office in Belle Glade. To her knowledge, appellant was never evaluated at DAF.

Appellant's probation officer testified, over objection, that appellant had tested positive for marijuana in July 2017 and accepted the alternative sanction of modification of her probation. Defense objected that pursuant to statute, the admission to drug use by appellant in the alternative sanction recommendation could not be used against her. Although the court agreed, it admitted the positive drug test, which formed the basis of the violation of probation in July.

With respect to the substance abuse violation, the officer testified that she instructed appellant to get the evaluation, which required a forty-eight-dollar fee. Appellant told her that she could not afford it. The evaluation was not performed, to the officer's knowledge. She also recalled that later appellant did tell her that she had paid thirty dollars, but appellant did not have the remaining money to finish the evaluation.

As to the costs of supervision, the officer testified that appellant had not paid those, nor had she filled out paperwork to get the fees waived. While appellant told her that she had multiple sclerosis and had been

3

hospitalized, the officer stated that she did not have anything showing that she was disabled.

Prior to the hearing, appellant had not provided her probation officer any verification that she had completed the required community service hours. However, at the hearing, appellant provided the officer with documentation that she had completed her community service.

Appellant had also been ordered to complete a theft abatement class. She told her officer that she did not have the money to take the course and could not get transportation. She requested to take the course online; however, the state attorney denied the request. She also told the officer that due to her medical condition she could not sit through a four-hour class. She did not provide documentation and had not completed the course.

Appellant testified on her own behalf, admitting to the use of marijuana, which resulted in the alternative sanctions. She said that she paid thirty dollars to get the evaluation, but she did not have the remaining eighteen dollars to complete the payment. While she did start the evaluation, the evaluator would not send the report until the full amount was paid. She had not attended the theft abatement class because she could not get rides to West Palm Beach, where the course was held. In addition, she had a flare up of her medical issues and was hospitalized for a time in October 2017. With respect to the requirement of the theft abatement class, she confirmed that she could not sit through a four-hour class and wanted to take it online. Her medical records, confirming her condition, were admitted in evidence. She had been fired from her job much earlier because of her medical issues, and she was still awaiting a determination that she qualified for social security disability payments.

The court found that appellant willfully and substantially violated her probation. She violated special condition one because she failed to undergo the drug and alcohol evaluation. The court did not find that her finances prevented her from coming up with the additional eighteen dollars for the evaluation. Instead, the court decided that even without the additional payment of money, the drug evaluation could have taken place. The court also found that she violated condition seven of her probation based on her admission that she used marijuana. And, if the admission was not legally permitted to be considered, it found that the tests that Officer Fagley performed showed appellant had THC in her system as a result of marijuana use. Next, the court found a violation of condition eight because she failed to provide proof of service of community service. It determined that her testimony as to her completion of this requirement

4

was not credible.  Finally, the court found a violation of special condition twenty-eight because appellant failed to complete the Theft Abatement Class, concluding that she had the ability to enroll in that class and complete it.

The court found her guilty of the violation of probation, terminated her probation, adjudicated her guilty of petit theft for which she had been on probation, and sentenced her to four months in the county jail.  Appellant filed a notice of appeal.  She subsequently filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error on grounds that the court must file a written order revoking probation.  The court responded by filing a written Order of Revocation of Probation, which contained the violations listed above and an additional violation of condition ten (failing to pay the court costs payments).  The court had orally found that violations of conditions two and ten were not willful because Mitchell did not have the ability to pay.

We first consider appellant's double jeopardy claim.  The standard of review in deciding whether double jeopardy is violated is de novo.  *State v. Losada,* 175 So. 3d 911, 912 (Fla. 4th DCA 2015).  The Double Jeopardy clause of the United States and Florida Constitutions provides protection from multiple prosecutions in three ways:

> Both the United States Constitution and the Florida Constitution guarantee that no individual will be put in jeopardy more than once for the same offense.  The guarantee against double jeopardy consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  *And it protects against multiple punishments for the same offense.*"  *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969) (footnotes omitted) (emphasis added).

*Lippman v. State*, 633 So. 2d 1061, 1064 (Fla. 1994) (footnotes omitted). In *Lippman*, the court determined that a modification of probation where the court found that no violation had occurred constituted an enhancement of the sentence, violating the protection against multiple punishments for the same offense.  "Thus, the double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation."  *Id.* Furthermore, "[t]he prohibition against double jeopardy is 'fundamental.'" *Id.* (quoting *Benton v. Maryland*, 395 U.S. 784, 795-96, 89 S. Ct. 2056, 23

5

L. Ed. 2d 707 (1969)). Thus, the failure to raise a double jeopardy claim in a direct appeal from the modification order does not waive that claim. *Id.*

Appellant contends that double jeopardy prevented the court from finding her in violation of both special condition one, failure to obtain a substance abuse evaluation, and condition seven, testing positive for marijuana. Appellant had been charged with violating condition seven through the positive drug test and her admission of using marijuana. That violation led to the modification of her probation and imposition of special condition one, requiring her to obtain a substance abuse evaluation and abide by any treatment recommendations. This was an enhancement of her original sentence, as it added additional terms of probation, the violation of which could subject her to revocation of probation and imposition of an increased sentence. Since her probationary sentence had already been enhanced for the same violation of this condition, a second enhancement or punishment based upon the same violation would impose multiple punishments for the same offense.

We recognize that *Scott v. State*, 937 So. 2d 746 (Fla. 4th DCA 2006), states that double jeopardy does not apply to probation violation hearings, but that case is distinguishable. There, a violation of probation was dismissed because the officer failed to appear at the hearing. *Id.* at 748. A second violation was filed based upon the exact same incident, and the defendant sought a writ of prohibition. *Id.* We held that, "The Double Jeopardy Clause does not bar a second probation violation proceeding for the same alleged violation, wherein the subject of the earlier proceeding was dismissed by the court without any testimony being taken or evidence offered." *Id.* None of the cases cited in *Scott* for the proposition that the Double Jeopardy Clause does not apply to probation proceedings involved a case where a violation of probation was dismissed or granted after an evidentiary hearing. Furthermore, according to *Lippman*, the Double Jeopardy Clause does apply to the enhancement of probation conditions. Thus, in some circumstances, the clause is applicable.

Therefore, having previously found a violation of appellant's probation based upon the identical violation of condition seven, and having imposed enhanced probation conditions as a result, the court could not again increase the sentence based upon that same violation. We thus reverse the finding of violation based upon the violation of condition seven.

Appellant claims that the court also erred in finding a willful violation of condition one and condition twenty-eight, where both provisions required the payment of fees which appellant did not have the means to

pay. Revocation of probation based on an inability to pay for conditions of probation is fundamental error. *Del Valle v. State,* 80 So. 3d 999, 1004 (Fla. 2011). However, a trial court's finding of a willful and substantial violation of probation is reviewed for competent substantial evidence, and the trial court's decision to revoke probation is reviewed for abuse of discretion. *Davis v. State,* 945 So. 2d 607, 608 (Fla. 4th DCA 2006).

Unlike *Del Valle,* which involved the payment of restitution and court costs, the requirements of conditions one and twenty-eight were not monetary obligations. They required appellant to obtain an evaluation and to attend a class, with nominal fees required. With respect to the failure to have the substance abuse evaluation, the court determined that she willfully violated that requirement. The court discounted her inability to pay the eighteen dollars remaining for the evaluation after having paid thirty dollars. A close reading of her testimony shows that she never testified that she could not pay the money, merely that she did not have the eighteen dollars when she went to have the evaluation. She testified that the evaluator told her to bring in the remaining eighteen dollars to complete the evaluation, but she was hospitalized at the time of her second appointment and then failed to make any effort to complete this task over the then-remaining four months of her probation. As to condition twenty-eight, the requirement that she attend the theft abatement class, her main complaint during her testimony was her inability to get to the class in West Palm Beach and that she could not sit for four hours due to her medical condition. In her testimony, she never asserted that financial inability was the reason she could not take the class. Furthermore, there was no evidence presented that there was a fee to attend that class. While there was scant evidence regarding her ability to pay, she did testify that she was paying people for transportation until she obtained a bus pass due to disability, thus revealing that she had some money to spend. Based upon the totality of the evidence, and the court's credibility determinations, the court did not abuse its discretion in finding a willful violation of these provisions.

The State concedes, however, that the court erred in finding a violation of conditions two and ten in its order of revocation of probation, as the court orally found that those violations were not willful. On remand, those findings should be stricken from the order of probation.

In conclusion, the court erred by finding a violation of condition seven, but it did not abuse its discretion in finding violations of conditions one, twenty-eight, and eight (regarding community service hours). The court did not find any willful violation of the other conditions. Because the violation of condition seven appears to have figured so prominently in the

court's determination, we reverse and remand for the court to reconsider the revocation and sentence.

GROSS and LEVINE, JJ., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***