DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARETTA MAURICE MATHIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0734

[December 3, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-2023-CF-006644-AXXX-WB.

Daniel Eisinger, Public Defender, and Ethan R. Goldberg, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Nathanial LeBlanc, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Baretta Mathis appeals the revocation of his probation and corresponding sentence. Mathis raises three arguments, two of which we agree with and address. The remaining argument is meritless, and we affirm on that point without further discussion.

Mathis was given a twenty-four-month probationary period. Special condition 8 of his probation required him to "successfully complete **50** hours of community service at a rate of **NO LESS THAN 10 HOURS PER MONTH**, at a work site approved by [his] officer." Roughly six months into the probationary term, the state filed an affidavit of violation of probation alleging Mathis had violated his probation by committing a new criminal offense contrary to standard condition 5 and by failing to complete 50 hours of community service at a rate of 10 hours per month contrary to special condition 8.

At the violation of probation hearing, the state presented the testimony of Mathis's probation officer, a law enforcement officer, and the alleged

victim of the new criminal offense. At the end of the hearing, the trial court found that the state met its burden of proving that Mathis had violated his probation by failing to abide by both standard condition 5 and special condition 8. The trial court then proceeded to revoke and terminate Mathis's probation and sentence him to 31.2 months in prison.

On appeal, Mathis first argues that the trial court fundamentally erred by revoking his probation where the state had failed to prove that his violation of special condition 8 was willful and substantial, because his probation order did not specify when he was required to begin community service hours, and he had ample time remaining on his sentence to complete the hours at the required rate.

Although generally "a trial court's finding of a willful and substantial violation of probation is reviewed for competent substantial evidence, and the trial court's decision to revoke probation is reviewed for abuse of discretion," *Mitchell v. State*, 270 So. 3d 562, 567 (Fla. 4th DCA 2019), because Mathis failed to preserve the issue by making this specific argument below, our review is limited to fundamental error, *see Odom v. State*, 15 So. 3d 672, 676 (Fla. 1st DCA 2009).

A trial court errs in finding a violation of probation for failing to complete required community service where a probation order contains no formally imposed deadline to complete the service hours and sufficient time remains in the probationary period to complete the service hours. *S.R. v. State*, 925 So. 2d 474 (Fla. 4th DCA 2006). "When a sentencing judge intends for a probationer to work in community service at a continuous rate each month *at the start of probation*, the order must so state." *Marzendorfer v. State*, 976 So. 2d 596, 600 (Fla. 1st DCA 2007) (emphasis added); *see also Pollard v. State*, 930 So. 2d 854, 855 (Fla. 2d DCA 2006) ("[T]he State cannot prove a willful and substantial violation of a condition to complete community service hours, even when the order contains a per-month rate of completion, when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours at the required rate."); *Willis v. State*, 727 So. 2d 952, 953 (Fla. 4th DCA 1998) ("[B]ecause there was no time schedule for payment of the costs or performance of the community service, [defendant] had until the end of his probationary term to comply with those conditions.").

As Mathis contends, the probation order merely required him to complete 50 hours of community service at a rate of at least 10 hours per month. The probation order does not state a required start date, and his probation officer testified the order states that the hours must be done 30

days before the end of probation.  With approximately a year and a half of his probationary term remaining, Mathis had ample time within which he could have completed the community service.  Accordingly, the evidence did not support a willful and substantial violation of special condition 8.  The trial court erred by finding otherwise, and this error is fundamental.  *See Jackson v. State*, 959 So. 2d 1282, 1283 (Fla. 1st DCA 2007) ("A trial court commits fundamental error when it finds that a probationer has violated his or her probation based on a term not ordered by the court.").

Mathis next argues that the trial court fundamentally erred by proceeding immediately to revocation and sentencing following the evidentiary portion of the violation of probation hearing.  We agree, and the state commendably concedes error.

> Addressing an alleged VOP is a two-step process in which the trial court first determines whether, by a preponderance of the evidence, the defendant willfully and substantially violated a condition of probation (the violation phase) and then, second, whether probation should be revoked (the sentencing phase).  *Milanes*[ *v. State*, 296 So. 3d 933, 937 (Fla. 4th DCA 2020)].  To satisfy due process, a defendant must be provided an opportunity to be heard on two issues:  "(1) whether defendant has violated a condition of probation, and (2) what sentence should be imposed.  This hearing may be informal in nature, but there must be a reasonable opportunity to be heard."  *Harrington v. State*, 238 So. 3d 294, 299 (Fla. 4th DCA 2018).

*Randolph v. State*, 355 So. 3d 442, 448 (Fla. 4th DCA 2023).  "[T]he consideration of and determination as to whether to revoke probation is a process separate from a violation hearing . . . ."  *Harrington*, 238 So. 3d at 299.

In *Harrington*, where the defendant was afforded a hearing only as to whether he violated a condition of probation, this court remanded to the trial court "for a hearing on whether revocation, modification or continuation of Appellant's probation is the appropriate course of action and, if either revocation or modification is selected, the contours of any sentence imposed."  *Id.* at 300.  The denial of a hearing on whether probation should be revoked and on sentencing amounts to a denial of due process.  *See Milanes*, 296 So. 3d at 936 (holding trial court fundamentally erred by ruling without affording defendant an opportunity to respond at violation of probation hearing and without providing him "a hearing focused on the appropriate sentence").

3

Here, too, the trial court fundamentally erred when it proceeded to revoke probation and sentence Mathis immediately after finding he had violated probation and before affording him the opportunity to object or be heard. Although Mathis received the lowest permissible sentence and was thus unlikely to receive a different sentence, as the state concedes, Mathis did not have the opportunity to argue against revocation, and advocating for sentence alternatives is part of the due process guaranteed to probationers. *See Black v. Romano*, 471 U.S. 606, 614 (1985) (holding that, where the factfinder has discretion to continue probation, procedural due process requires that a probationer have an opportunity to present mitigating evidence and argue for sentencing alternatives).

Accordingly, we reverse the order revoking Mathis's probation and his sentence, and we remand to the trial court for Mathis to be afforded an opportunity to be heard on revocation and his sentence. Because violation of special condition 8 was not proven by competent, substantial evidence, it may not be considered on remand.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

4